Scott v. State.

ROY SCOTT v. STATE OF NEBRASKA.

FILED JUNE 12, 1925. No. 24472.

1. **Criminal Law:** TRIAL: PRESENCE OF ACCUSED. In a felony case, not capital, a defendant out on bail may waive his right to be present at the trial during some of the proceedings.
2. ———: ———: ———: ADDITIONAL INSTRUCTIONS. While

Scott v. State.

the jury were deliberating, the defendant, out on bail, voluntarily absented himself from the courtroom without informing the court where he could be found. *Held*, that he thereby waived his right to be present when the jury were called into court and given further instructions, and the giving thereof under such circumstances was not error.

3. ———: ———: REFUSAL OF INSTRUCTIONS. Refusal of court to give certain instructions, requested by defendant, *held* not prejudicially erroneous.

4. Evidence examined, and *held* sufficient to sustain verdict.

ERROR to the district court for Franklin county: LEWIS H. BLACKLEDGE, JUDGE. *Affirmed.*

*Leon Samuelson* and *C. P. Anderbery*, for plaintiff in error.

*O. S. Spillman, Attorney General*, and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., GOOD and THOMPSON, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

Plaintiff in error, hereinafter called defendant, was convicted of the crime of an assault to kill, sentenced to the penitentiary for a term of four years, and brings error to this court, assigning a number of errors in the proceedings. The first one involves a matter of procedure arising out of the following facts: After the jury had deliberated for some time, the judge, upon his own motion, called them into open court and read to them a written supplemental instruction concerning their duty as jurors in arriving at a verdict. The substance of this instruction is not criticised, but the objection is that it was given to the jury without notice to, and in the absence of, defendant, who was out on bail. Defendant's counsel were present and objected to the proceeding, but not upon the ground of defendant's absence, which fact was not, at the time, observed by either court or counsel. It may be observed, in passing, that the journal entry upon the records of the court recites the presence of the defendant, and ordinarily this fact would conclude the inquiry. But it appears from the opinion of the trial judge

Scott v. State.

included in the bill of exceptions, and was admitted upon the hearing, that the defendant was not present; so, in view of the serious nature of the crime charged and the importance of the question, we have concluded to pass the point and consider the assignment of error.

Defendant's contention is based upon section 10129, Comp. St. 1922, reading: "No person indicted for a felony shall be tried unless personally present during the trial."

It is insisted, and no doubt is the law, that under this statute defendant has a right to be present at all times when any proceeding is taken during the trial, from the impaneling of the jury to the rendition of the verdict, inclusive, unless he has waived such right; and, it being a personal right to the defendant, the waiver thereof, if permitted, must be by him personally, and not by his attorneys.

It is pretty generally held that, in capital cases, neither the defendant nor his counsel can waive the right to be present during the trial. *Hill v. State,* 54 Tex. Cr. Rep. 646. And in other felony cases it is uniformly held that, where the defendant is in custody, it is the duty of the court to have him brought into court when any proceeding connected with the trial of the case is taken. *Roberts v. State,* 111 Ind. 340; *State v. Myrick,* 38 Kan. 238; *State v. Beaudin,* 76 Wash. 306; *Kinnemer v. State,* 66 Ark. 206; *Bonner v. State,* 67 Ga. 510—cited by defendant. But there is some difference of opinion among the authorities as to the effect of defendant's absence during some proceeding of the trial when he is out on bail. We think the weight of opinion and the better reasoning is found in those cases which hold that it is the duty of the defendant under bail to attend the sessions of the court, and especially when his case is being tried, and his failure to do so constitutes a voluntary absence on his part and a waiver of his right under the statute quoted. 12 Cyc. 527. In *State v. Way,* 76 Kan. 928, a felony case, the defendant was out on bail and a verdict of guilty was received in his absence and that of his attorney, and it was held, though in pursuance of instructions of his attorneys he held himself in readiness

to be called and was within a half a block of the courthouse, that "the defendant was voluntarily absent from the court without permission, and thereby waived his right to be present when the verdict was received, if that right can ever be waived." The Kansas statute is substantially the same as ours. See, also, *Commonwealth v. McCarthy*, 163 Mass. 458; *Frey v. Calhoun*, 107 Mich. 130. In *Barton v. State*, 67 Ga. 653 (distinguishing cases where defendant is in custody) the court said: "But the case is quite different, when, after being present through the progress of the trial and up to the dismissal of the jury to their room, he voluntarily absents himself from the courtroom where he and his bail obligated themselves he should be." *Sherrod v. State*, 93 Miss. 774, was a capital case, and the judgment was reversed because verdict was received in defendant's absence, but concedes the rule as above stated in felony cases not capital.

In the above cases the irregularity complained of was the reception of the verdict in defendant's absence, but the reasoning applies with equal cogency to the situation in the instant case. It was defendant's duty to attend the court until the trial was concluded by verdict. If he desired to insist upon his right to be present at any orderly proceeding in the case after the jury had retired, he should have notified the court to that effect and where he could be found. His arrangement with his attorneys in that regard, not brought to the attention of the court, was not sufficient. *Barton v. State, supra.* Defendant cites *Davis v. State*, 51 Neb. 301, as to the right of defendant to be present. This is not disputed. What we hold is that, in the present case, he waived that right. If defendant, out on bail, may prevent the completion of the trial by voluntarily absenting himself, and thus tie the hands of justice, he would be permitted to take advantage of his own wrong. The law allows no such thing. We conclude that by his voluntary act he waived the right to be present when the instruction was given.

While, doubtless, the court should, and generally will,

make reasonable effort to secure the presence of defendant at any proceeding during the trial, we are convinced that in this case no prejudice resulted to defendant, and, even though the action of the court were technically erroneous, the judgment should not be reversed on that account. Comp. St. 1922, sec. 10186.

Error is assigned upon the court's refusal to give request No. 2 of defendant to the effect that the fact that defendant had been courting the former wife of the prosecuting witness did not justify the latter in attacking defendant, and No. 3, that the prosecuting witness was of a quarrelsome disposition did not affect the nature of the act of shooting him and should be considered only upon the question of self-defense. While these requests state correct propositions, they are largely argumentative, and we think no prejudicial error is shown by the refusal, in view of the fact that by instruction No. 5, given by the court, the law of self-defense was clearly stated, and the jury told that, if they "find from the evidence that at the time defendant shot Roy Diederich, the circumstances surrounding the defendant were such as in sound reason would, and did, justify and induce in his mind an honest belief that he was in immediate danger of receiving from Roy Diederich great bodily harm," then his act was excusable.

The refusal of the court to receive the clothing of Mabel Diederich in evidence is urged as error. No offer was made as to what was expected to be proved, but from the defendant's brief it seems the clothing would not show any blood spots. The other evidence, however, showed that fact and was undisputed, so defendant had the benefit of that fact.

Complaint is made because of the refusal of the trial judge to order a transcript and bill of exceptions to be paid for by the county in order that defendant might prosecute error to this court, an affidavit of poverty having been filed by defendant in the form required by statute. In view of the fact that defendant has been heard in this court, and of our conclusion that the judgment must be affirmed, we think the defendant has suffered no prejudice by the order of the court, and that it is not necessary to decide the point.

Lastly, it is contended that the verdict is not supported by sufficient evidence. The shooting was admitted, and the evidence of the circumstances is in conflict. The question of self-defense was one for the jury, and, if they believed the testimony of the prosecuting witness, which is corroborated by a number of circumstances, it was their right to do so. A careful examination of the record convinces us that the evidence is sufficient to support the verdict.

JUDGMENT AFFIRMED.