State of Nebraska, appellee, v. Richard Rubek, appellant.
State of Nebraska, appellee, v. Russell Rubek, appellant.
201 N. W. 2d 255
Filed October 13, 1972.   Nos. 38495, 38496.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellants.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

Newton, J.
Defendants, charged with assault to commit rape, entered pleas of guilty and were each sentenced to serve not less than 8 nor more than 12 years in the Nebraska Penal and Correctional Complex.  They assign as error:  (1) An alleged denial of motions to with-

draw their pleas of guilty; (2) a failure to inform the defendants of the nature of the charges against them; (3.) that no factual basis appears for acceptance of the guilty pleas when defendants asserted their innocence; and (4) that the sentences are excessive. We affirm the judgments of the district court but not the sentences imposed.

The defendants were separately charged, filed separate appeals, but joined in one brief, and the cases were submitted together. The records in the two cases are identical and both will be considered and disposed of in this opinion.

Defendants were originally duly arraigned and thereupon entered pleas of not guilty. Subsequently the pleas were changed to "guilty." The records fail to disclose any motions to withdraw the latter pleas which were entered on November 8, 1971, and were reaffirmed at the time of sentencing on January 11, 1972. This assignment is frivolous.

It is contended that defendants were not properly informed by the court of the nature of the charges against them. The record discloses the defendants had been duly arraigned, which means the charges against them were read to them, at the time they pleaded not guilty. At the time of entry of the pleas of guilty they assured the court they fully understood the nature of the charges against them and had discussed the situation with their respective attorneys. Furthermore, the reading of the information may be waived and a rereading was waived. See § 29-1816, R. R. S. 1943. This contention is also frivolous.

The defendants, although pleading guilty, claimed to be innocent. In view of this situation it is asserted there was no factual basis justifying the court in accepting the pleas of guilty. In North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162, it was held: "A guilty plea that represents a voluntary and intelligent choice among the alternatives available to a de-

fendant, especially one represented by competent counsel, is not compelled within the meaning of the Fifth Amendment because it was entered to avoid the possibility of the death penalty. Brady v. United States, 397 U. S. 742. * * *

"An accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, or even if his guilty plea contains a protestation of innocence, when, as here, he intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt." We have a similar situation here. Defendants specifically stated to the court that they, and their counsel, were aware of the strength of the State's case against them, had heard the evidence at the preliminary hearing, and were sure they would be convicted; also, that they fully understood the nature of the charges against them, their constitutional rights, and were entering their pleas voluntarily. They were hoping to receive probation. The court had before it, in addition to the defendants' concessions in regard to the evidence against them, the affidavit of a police detective showing that there was an eyewitness in addition to the prosecutrix, that some of the girl's clothes, which had been removed, were found in the automobile of one of the defendants, and that he believed there was ample evidence to assure the convictions of defendants. We cannot agree that the court erred in accepting the pleas of guilty.

The final contention deals with the question of excessiveness of the sentences. Defendants were sentenced under section 28-409, R. R. S. 1943, which provided for a sentence of not less than 2 nor more than 15 years. The sentences handed down were for not less than 8 nor more than 12 years. Laws 1972, L.B. 1499, p. 1427, became effective during the pendency of this appeal. It provides that when an indeterminate sentence is imposed, the minimum limit fixed shall not be less than

the minimum provided by law nor more than one-third of the maximum term. This would require a reduction in the minimum limits fixed by the court to 5 years if applicable to the present cases.

Laws 1972, L.B. 1202, p. 799, is not applicable here. It applies only to cases where "the particular law under which such sentence was pronounced is thereafter amended to decrease the *maximum* period of confinement which may be imposed, * * *." (Emphasis supplied.) There has been no change in section 28-409, R. R. S. 1943. Also, we deal here with a "minimum" and not a "maximum" in the sentences.

Although the sentences do not appear to have been excessive, nevertheless, Laws 1972, L.B. 1499, has the effect of mitigating the punishment in situations such as are here presented. The sentences imposed conflict with the presently expressed legislative intention. In such cases either this court will amend the sentences to conform to the legislative intent or will remand the causes to the district court for the imposition of sentences conforming to the statute. See State v. Randolph, 186 Neb. 297, 183 N. W. 2d 225.

The convictions of the defendants are affirmed. The sentences are vacated and the causes remanded to the district court for resentencing in conformity with the provisions of Laws 1972, L.B. 1499.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.