STATE OF NEBRASKA, APPELLEE, V. MILLARD WALDROP, APPELLANT.

215 N. W. 2d 633

Filed March 7, 1974. No. 39187.

T. Clement Gaughan, Dennis R. Keefe, and Richard L. Goos, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and COLWELL and WARREN, District Judges.

McCown, J.

The defendant, Millard Waldrop, pleaded guilty to a count of knowingly delivering a controlled substance in violation of section 28-4,125(2)(a), R. S. Supp., 1972. He was sentenced to imprisonment for a term of 5 years. On appeal the defendant contends the sentence was improper and excessive.

The defendant's plea of guilty was entered on May 14, 1973, and he was sentenced on June 5, 1973. The statute which was in effect on those dates provided that a convicted defendant "shall be punished by imprisonment * * * for not less than five years nor more than twenty years and shall not be eligible for probation; * * *." Meanwhile, the Legislature adopted L. B. 261, which was approved by the Governor on May 25, 1973, but did not become effective until September 2, 1973. That bill amended the penalty provisions of section 28-4,125(2)(a) to provide that a convicted defendant "shall be punished by imprisonment * * * for a minimum of one year and not more than ten years upon the first felony conviction * * *."

There was no specific provision in the amending statute indicating legislative intent as to its prospective or retroactive operation. It is also apparent that the amending statute mitigated the punishment as to first offenders. In State v. Randolph, 186 Neb. 297, 183 N. W. 2d 225, we held: "Where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise."

As we said there: " 'It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to

acts committed before its passage provided the judgment convicting the defendant of the act is not final. * * *.' " See, also, In re Estrada, 63 Cal. 2d 740, 48 Cal. Rptr. 172, 408 P. 2d 948.

In State v. Rubek, 189 Neb. 141, 201 N. W. 2d 255, we held: "When a legislative act, adopted after one has been convicted and sentenced for a crime but while the cause is still pending on a motion for new trial or on appeal, serves to mitigate the sentence imposed, this court will either amend the sentence to conform to the legislative intent or will remand the cause to the district court for resentencing in conformity with the statute."

The State urges that the rule in Rubek be overruled and applied only to mitigating amendatory acts which become effective before sentencing. We decline to do so.

The conviction of the defendant is affirmed. The sentence is vacated and the cause remanded to the District Court for resentencing in conformity with the provisions of section 28-4,125, R. S. Supp., 1973.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.