STATE OF NEBRASKA, APPELLEE, V. RUCHELL WHITE, APPELLANT.

217 N. W. 2d 916

Filed May 9, 1974.  No. 39264.

Alfred A. Feidler of Feidler & Feidler, for appellant.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., and John P. Regan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Defendant was convicted of possessing heroin with the intent to distribute or deliver it. On appeal he urges three propositions: Insufficiency of the evidence, error in giving an instruction in his absence, and an erroneous sentence. The judgment of conviction is affirmed and the cause remanded for resentencing.

The police entered a place referred to as the "Crap House" where defendant and others were gambling with dice on a large table. On entry one officer saw the defendant take a box from underneath his coat and deposit it under the table. A box containing 86 small packets or bundles of heroin and cocaine was found under the table together with a carton of cigarettes. The officer testified it was the box he saw defendant place on the floor. The defendant's fingerprints were found on the box. There was evidence that the quantity of drugs found exceeded any amount that a user would have on hand and defendant denied he was a user or addict. The evidence is sufficient to sustain the jury's finding that defendant was in possession of the drugs and that the large quantity meant it was held for distribution.

The court instructed in part as follows: "To 'distribute, deliver, or dispense' shall mean the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." After retiring, the jury inquired what was meant by "whether or not there is an agency relationship." In the absence of the defendant and his attorney, the court instructed the jury to disregard that portion of the instruction. Under the evidence, that part of the instruction was surplusage as there was no question of agency raised. Although the giving of the instruction in the absence of the defendant was error, it was harmless error. There is reversible error if the record affirmatively shows that

defendant has been prejudiced by private communication between the trial court and jurors, and a new trial should be granted where the record is silent as to a possibility of prejudice, although reversal is not required if the record affirmatively shows communication had no tendency to influence the verdict. State v. Register, 253 Iowa 495, 112 N. W. 2d 648. See, also, State v. Schifsky, 243 Minn. 533, 69 N. W. 2d 89; Scott v. State, 113 Neb. 657, 204 N. W. 381; Quinton v. State, 112 Neb. 684, 200 N. W. 881.

Defendant was convicted under section 28-4,125 (2) (a), R. S. Supp., 1972, and sentenced to a term of 5 years. The statute was amended providing a possibly lighter sentence for a first offense. See section 28-4,125 (2) (a), R. S. Supp., 1973. "When a legislative act, adopted after one has been convicted and sentenced for a crime but while the cause is still pending on a motion for new trial or on appeal, serves to mitigate the sentence imposed, this court will either amend the sentence to conform to the legislative intent or will remand the cause to the District Court for resentencing in conformity with the statute." State v. Waldrop, *ante* p. 434, 215 N. W. 2d 633.

The judgment of conviction is affirmed but the cause is remanded to the District Court for resentencing.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR RESENTENCING.