STATE OF NEBRASKA, APPELLEE, v. JON R. AMBROSE, APPELLANT.

220 N. W. 2d 18

Filed July 11, 1974. No. 39354.

Kelly & Kelly, for appellant.

Clarence A. H. Meyer, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is a criminal case in which the defendant was charged with the distribution and sale of cocaine; two counts of possession of cocaine; the distribution of fiorinal, a controlled substance; and possession of fiorinal. A jury found the defendant guilty on all counts. The District Court sentenced the defendant to a 5-year prison term on the count involving the distribution and sale of cocaine. On the other counts, lesser sentences were imposed, with all the sentences to run concurrently. The defendant appeals, asserting the insufficiency of the evidence to sustain the conviction, error in certain instructions to the jury and error in the imposition of his sentence. On appeal, we hold that the judgment of conviction is correct and is affirmed but remand the cause for resentencing under the applicable statute.

The evidence is clearly sufficient to sustain the conviction. David G. Kolar, a special employee of the Nebraska State Patrol, was working as an undercover agent during January 1973. Kolar testified that on the evening of January 9, 1973, he met the defendant Jon Ambrose and two others in the Brick Bar in Grand Island, Nebraska. It was at this time that the defendant Ambrose gave the fiorinal to Kolar. At the same time Ambrose made plans with Kolar for a sale of cocaine. These plans involved some rather complicated arrangements and trips not necessary to recite in this opinion. These arrangements and trips were completed, and Kolar bought a packet from Ambrose. There appears to have been a slight problem with this buy as Kolar apparently spilled some of it; however, there was sufficient powder remaining in the packet to be positively identified by a State chemist as cocaine. The buy was made at the home of an acquaintance of defendant on January 9, 1973. Kolar testified concerning a conversa-

tion at the home as follows: "Q. While you were there did you have any conversation with the defendant, Jon Ambrose? A. Yes, I had asked if he had the cocaine. * * * Q. Would you tell the court and jury what, if anything, Jon Ambrose said, Bieber said, and what if anything you said during the fifteen or so minutes of time you were with them? A. At first I asked if they had got the cocaine, to which Jon Ambrose said they had. I asked if he would sell it to me. At the time they said they didn't have a dime packet. Q. Who said that? A. Jon Ambrose. Q. Did you have any further conversation then? A. I asked how much in the packets that were sitting near the scale. They said sixty dollar bags. * * * Q. What, if anything, did Jon Ambrose say? A. Then I asked Jon if he'd sell the coke again. He said he would. He had John Bieber measure it out. * * * Q. What did Mr. Bieber do at that point? A. At that point he went to the canister of white powder substance and with a small knife proceeded to measure what he thought would be a dime bag of cocaine. Q. What if anything did he do next? A. He placed it on a sort of blue-colored piece of paper, folded it and left it on the table while he went to heat up some more cocaine for Jon. Q. Who put it on the table? A. Bieber did. Q. Then Bieber left the table? A. He didn't leave the table or the room. I gave Jon the money. Q. You gave Jon who the money? A. Jon Ambrose. Q. Where was he at that time? A. He was sitting on the couch."

This testimony is contradicted, of course, by the defendant, but it is clear that it is ample to sustain the conviction. Proof of guilty knowledge may be made by evidence of acts, declarations, or conduct of the accused from which the inference may be fairly drawn that he knew of the existence and nature of the narcotics at the place where they were found. State v. Faircloth, 181 Neb. 333, 148 N. W. 2d 187. Additional factors besides mere presence abound, even from the

partial recital of the record given above. The cocaine was present in a canister on a table 3 or 4 feet from the defendant Ambrose. The transaction was completed solely with Ambrose except that John Bieber had measured the substance and had laid it on the table. The defendant Ambrose pocketed the money which was paid for the packet. It requires no further discussion to support the conclusion that this evidence was more than sufficient to sustain the charge against the defendant of possession and distribution. It demonstrated a participation in a criminal act beyond mere presence or acquiescence. There is no merit to the contention as to insufficiency of the evidence.

The defendant contends that the District Court failed to instruct the jury as to the "necessary knowledge and intent" required for the possession counts. This contention is totally without merit. The statute, section 28-4,125 (3), R. S. Supp., 1972, provides for criminal liability for "a person knowingly or intentionally possessing a controlled substance." Intent is not required, but is a permissive element. It is enough that the person is charged with knowingly possessing the substance. The record clearly reflects that the jury was correctly instructed as to each of the statutory elements of the three "possession" charges. The element of knowledge was specifically included and separately set out in instruction No. 6, instruction No. 8, and instruction No. 9. There is no merit to this contention.

The defendant next contends that instruction No. 4 entitled "APPLICABLE STATUTES" is in error. While it is true that the defendant was charged only with the violation of section 28-4,125, R. S. Supp., 1972, the other statutes recited in instruction No. 4 are clearly also "applicable" statutes and were necessary for the jury's information. The defendant argues that it was error to instruct the jury on "attempt" since the defendant was not formally charged with attempt. The statute, section 29-2025, R. R. S. 1943, provides that upon an

indictment for any offense the jury may find the defendant not guilty of the offense but guilty of an attempt to commit the same, where such an attempt is an offense. Section 28-4,129, R. S. Supp., 1972, included in the court's instruction No. 4, provides that the attempt to commit any offense under section 28-4,125, R. S. Supp., 1972, is likewise punishable. There was, therefore, no error in the recital of this statute in the instruction, and there could be no error in this particular case because of the fact that the defendant was not found guilty of an attempt. There is no merit to this contention.

The defendant next objects to certain instructions relating to cocaine because these instructions failed to state that cocaine does *not* include de-cocainized coca leaves or extractions which do not contain cocaine or ecogine. First, there was no evidence at all presented at the trial that the substances involved or testified to were anything but cocaine. The jury would have had to indulge in speculation and conjecture in basing judgment on an instruction not related to any evidence in the case. Furthermore, instructions must be considered as a whole, and in instruction No. 4 the District Court in this case stated specifically that "the substances do not include de-cocainized coca leaves or extractions which do not contain cocaine or ecogine." There is no merit to this contention.

The defendant makes several other technical objections to the organization of the instructions. We have examined these contentions and they are without merit. In a general instruction with relation to the function of the judge and the jury and the general presumption of innocence the court inadvertently and inaccurately inserted the numbered references to other instructions. But it is clear from reading all the instructions that the jury could not have been misled and that the numbering error, if anything, was favorable to the defendant. These contentions are without merit.

The defendant contends that he was erroneously

sentenced. The offense for which the defendant was sentenced to 5 years imprisonment occurred on January 9, 1973. At that time, section 28-4,125 (2) (a), R. S. Supp., 1972, provided for a minimum punishment of 5 years. After the commission of the crimes, but before final judgment, the Legislature amended this statute to provide for a less severe minimum sentence. See § 28-4,125 (2) (a), R. S. Supp., 1973. Applicable here is this court's statement in State v. Randolph, 186 Neb. 297, 183 N. W. 2d 225: "Where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise." See, also, State v. Waldrop, 191 Neb. 434, 215 N. W. 2d 633; State v. White, 191 Neb. 772, 217 N. W. 2d 916. This court has no original power to impose a sentence. That is exclusively a function of the District Court, reviewable for excessiveness in this court. Nothing that is said in this opinion is indicative of the fixing of the defendant's term. We do observe that the trial court sentenced the defendant to the minimum of 5 years as prescribed by the statute in effect at the time the offense was committed. It would therefore appear from the record that the sentence imposed upon the defendant was responsive to the statute in effect at the time the offense was committed. The statute now provides for a minimum sentence of 1 year. Under these circumstances, we hold that whatever sentences imposed by the District Court must be made in consideration of the applicable statute at the time the sentence and judgment were entered.

The judgment of conviction is affirmed. The defendant's sentence of 5 years is set aside and the cause is remanded for resentencing under the applicable statute.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.