STATE OF NEBRASKA, APPELLEE, v. NICHOLAS R. PEIFFER, APPELLANT.

322 N.W.2d 445

Filed July 23, 1982. No. 82-184.

Dennis R. Keefe, Lancaster County Public De-fender, and Jerry Soucie, for appellant.

Paul L. Douglas, Attorney General, and Dale D. Brodkey, for appellee.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

The defendant-appellant, Nicholas R. Peiffer, pled guilty to a charge of driving while intoxicated, third offense, in the Third Judicial District Court in and for Lancaster County, Nebraska. At the time of sen-

tencing this was a Class IV felony and carried a maximum punishment of 5 years' imprisonment, a $10,000 fine, or both. He was placed on 3 years' probation, one of the conditions of which was that he spend a total of six weekends in jail. Subsequently, an information was filed, to which defendant pled guilty, seeking revocation of probation. Violations included failure to report to the jail and failure to report to the probation officer. On February 16, 1982, defendant was sentenced to an indeterminate term of not less than 1 nor more than 2 years, and his license was suspended for a period of 1 year from and after discharge from confinement. He received credit for 37 days of prior incarceration time.

In this direct appeal defendant claims that his sentence is excessive and should be reduced in light of the recent passage of L.B. 568 by the Nebraska Legislature, which became effective July 17, 1982. This statute changes the offense to a Class W misdemeanor and modifies the maximum period of confinement to imprisonment. This statute. also requires that the driving privileges of a person convicted of third-offense drunk driving be permanently revoked as a part of the judgment of conviction, as follows: "If such person (i) has had two or more convictions under this subsection since the effective date of this act, (ii) has been convicted two or more times under the subsection as it existed prior to the effective date of this act, (iii) has been convicted two or more times under a city or village ordinance enacted pursuant to this subsection as authorized by section 39-669.07 either prior or subsequent to the effective date of this act, or (iv) has been convicted as described in subdivisions (c)(i) to (c)(iii) of this subsection a total of two or more times, such person shall be guilty of a Class W misdemeanor and the court shall, as part of the judgment of conviction, order such person to never again drive any motor vehicle in the State of Nebraska for any purpose from

the date of his or her conviction and shall order that the operator's license of such person be permanently revoked."

Neb. Rev. Stat. § 29-2204.01 (Reissue 1979) provides: "In any criminal proceeding in which a sentence of confinement has been imposed and the particular law under which such sentence was pronounced is thereafter amended to decrease the maximum period of confinement which may be imposed, then any person sentenced under the former law shall be entitled to his discharge from custody when he has served the maximum period of confinement authorized by the new law, notwithstanding the fact that the court may have ordered a longer period of confinement under the authority of the former law." Appellant contends that statute requires that his sentence be reduced. We need not, and do not, decide this case under the terms of that statute. Rather, the applicable common law principle declared in *State v. Randolph,* 186 Neb. 297, 183 N.W.2d 225 (1971), *cert. denied* 403 U.S. 909, 91 S. Ct. 2217, 29 L. Ed. 2d 686, that when an amendment which mitigates the punishment for a crime is enacted after commission of the crime but before final judgment, the punishment shall be that contained in the amendatory act unless the Legislature specifically indicates otherwise, controls the disposition of this case. As observed in *Randolph,* in the absence of anything indicating a contrary legislative intent: " 'It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final. . . .' " *Id.* at 302, 183 N.W.2d at 228. We find no evidence of a contrary legislative intent in the

instant matter. See, also, *State v. Rubek,* 189 Neb. 141, 201 N.W.2d 255 (1972). The phrase "before final judgment" includes cases on appeal. *State v. Waldrop,* 191 Neb. 434, 215 N.W.2d 633 (1974); *State v. Rubek, supra.* Therefore, it becomes clear that we must reduce defendant's sentence of confinement to the newly created maximum of 6 months' imprisonment.

However, there remains the issue as to whether, as contended by the appellee State, we are to permanently revoke appellant's driving privileges. Appellant argues that to do so would amount to an ex post facto application of a more onerous provision of the amended statute, and thus violate U.S. Const. art. I, § 9, which prohibits ex post facto legislation. We wish to hear oral argument on that issue, and consequently reserve it for later determination. Accordingly, we schedule that issue for oral argument at 9 a.m. on August 30, 1982. Each party is directed to file supplemental typewritten briefs on or before August 25, 1982, fully addressing the constitutional questions presented.

Since one's liberty ought not await our schedule, appellant is ordered released from custody when he has served a period of 6 months' imprisonment, with credit for 37 days spent in jail awaiting sentencing; if he has already served such time, he is to be discharged from custody forthwith.

AFFIRMED IN PART AS MODIFIED,
AND IN PART REVERSED.