STATE OF NEBRASKA, APPELLEE, V. CHRIS B. GONZALES, APPELLANT.

399 N.W.2d 832

Filed January 30, 1987.  No. 86-662.

Richard Biggs of Winner, Nichols, Douglas, Kelly and Arfmann, for appellant.

Robert M. Spire, Attorney General, and Lisa D. Martin-Price, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the Scotts Bluff County District Court's order affirming the Scotts Bluff County Court's conviction and sentence of the appellant, Chris B. Gonzales. The appellant was charged with and pled guilty to one count of driving without a valid driver's license, in violation of Neb. Rev. Stat. § 60-403 (Reissue 1984); one count of leaving the scene of an accident, in violation of Neb. Rev. Stat. § 39-6,104.02 (Reissue 1984); and one count of giving false information to a police officer, in violation of Neb. Rev. Stat. § 28-907(1)(a) (Reissue 1985). The appellant was sentenced to 1 month's imprisonment for count I, fined $100 for count II, and sentenced to 1 year's imprisonment for count III, to be served concurrently with his sentence for count I.

Gonzales appealed the county court's judgment to the Scotts Bluff County District Court, alleging as error that the 1-year term of imprisonment imposed for count III was excessive and that the county court judge did not have an adequate factual basis upon which to accept his plea of guilty to false reporting. The district court affirmed the county court, and this appeal followed. Gonzales again alleges as error that the 1-year term of imprisonment imposed for count III is excessive and that the county judge did not have an adequate factual basis upon which to accept the appellant's plea of guilty to giving false information to a police officer. We affirm.

Generally, a sentence imposed within the statutorily set limits will not be overturned on appeal, absent an abuse of discretion on the part of the sentencing court. *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986). False reporting to a police officer is a Class I misdemeanor, punishable by a $1,000 fine, or 1 year's imprisonment, or both. Gonzales was sentenced to 1

year's imprisonment for this count, to be served concurrently with the 1-month term of imprisonment imposed for his driving without a valid license conviction. While this sentence is the maximum allowable by the statute, it is within the statutorily set limits, and the record reveals no abuse of discretion on the part of the sentencing court. We find this assignment of error to be meritless.

The appellant next assigns as error that there was no factual basis established upon which the sentencing court could have accepted the appellant's plea of guilty to count III. The factual basis for all three charges was presented to the sentencing court as follows:

MR. SILVERMAN: In regard to all three counts, Your Honor, there was an accident within the city of Scottsbluff. Scottsbluff officers went to investigate that accident. The vehicle had hit a parked car, had left the scene of the accident. The officers found that vehicle parked in an alley between 8th Street and 9th Street in Scottsbluff. They contacted the defendant; the defendant told them the car had been there all day and had never been moved. They checked the car and saw that the car had been involved in the accident and also had been involved in the accident that they were investigating, so they knew that was a lie.

They contacted another individual who was in the car at the time. That individual informed them that Chris was, in fact, the driver of the vehicle when it had the wreck. He was told to stop, but he didn't. And when they checked his operator's license, his operator's license was expired. So that's factual basis for all three counts.

Although this was the factual basis for the appellant's pleas of guilty to all three counts, Gonzales challenges only the sentencing court's acceptance of his guilty plea to count III.

Section 28-907(1)(a) provides:

(1) A person commits the offense of false reporting if he or she:

(a) Furnishes information he or she knows to be false to any peace officer or other official with the intent to instigate an investigation of an alleged criminal matter or

to impede the investigation of an actual criminal matter
. . . .

Gonzales argues that the factual basis offered to the county court judge fails to show that his misstatements actually impeded the investigation of the accident. The appellant contends that impeding the investigation is an element of the crime of giving false information to a police officer, and, without it, no crime has been committed. We can find no support for the appellant's contentions in the applicable case law. In *State v. Ewing*, 221 Neb. 462, 378 N.W.2d 158 (1985), the elements of the crime of false reporting were set out as (1) giving false information to a peace officer, (2) with the intent to impede an investigation of (3) an actual criminal matter. Nowhere is it said that actual impediment of an investigation is an element of this crime. See *In re Interest of McManaman*, 222 Neb. 263, 383 N.W.2d 45 (1986).

From the record it is evident that an adequate factual basis existed upon which the county court judge could have accepted the appellant's guilty plea. The appellant gave a false statement to the police officer conducting the investigation, from which the fact finder could infer that the appellant intended to prevent the police officers from discovering that he was the driver of the car involved in the accident. Finally, a traffic offense is a criminal offense, thereby satisfying the third element of the crime of false reporting. *State v. Knoles*, 199 Neb. 211, 256 N.W.2d 873 (1977). From this factual basis the county court was able to determine that the appellant was guilty of the crime charged. We find this assignment of error to be also without merit.

AFFIRMED.