STATE OF NEBRASKA, APPELLEE, V. BYRON K. RED KETTLE, APPELLANT.

476 N.W.2d 220

Filed October 25, 1991.   No. 90-432.

318

James R. Wefso, of Crites, Shaffer, Connealy, Watson & Wefso, for appellant.

Robert M. Spire, Attorney General, Sharon M. Lindgren, and, on brief, Steven J. Moeller for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

In Sheridan County, Nebraska, defendant Byron K. Red Kettle was charged with the following felonies: count I, first degree sexual assault; count II, operating a motor vehicle to avoid arrest; and count III, receiving or retaining stolen property. After a jury trial, defendant was convicted on all

three counts. It was determined that defendant was not a mentally disordered sex offender, and he was sentenced on count I to "not less than 15 years nor more than 25 years, to be served consecutively with any Federal or South Dakota State sentence now being served," and on counts II and III to 1 to 3 years each, consecutive to count I and concurrent with each other. Defendant timely appealed.

In this court, defendant assigns as error the actions of the trial court in (1) denying defendant's motion for change of venue, (2) talking privately with defendant off the record before the trial, (3) allowing defendant to waive his own presence at trial, (4) allowing a witness to identify defendant without the defendant's being present at trial, (5) participating in questioning of the State's primary witness, (6) allowing into evidence acts of defendant which occurred outside Nebraska, (7) determining that the evidence was sufficient to support convictions on counts I and III, and (8) imposing excessive sentences. We affirm.

In our review we are obligated to view the evidence in the light most favorable to the prevailing party, which in this case is the State. See *State v. Walker*, 225 Neb. 794, 408 N.W.2d 294 (1987). So viewed, the evidence established the following facts: On September 30, 1987, defendant entered a ConoMart convenience store near Box Elder, South Dakota, at approximately 3 a.m. He held a knife to the throat of the victim, who was a clerk at the store; took money from the cash register; and then took the victim with him and drove away in her car. He drove through Pennington County, South Dakota, where, at some point, defendant pulled off the road and told the victim to take her sweater off. She refused, and he grabbed her by the jawbone and squeezed; he then told her if she did not cooperate it would not bother him to kill her. She complied. Defendant then grabbed the front of her bra and tore it in two. No further testimony was received regarding events in South Dakota.

Defendant drove across the Pine Ridge Indian Reservation and headed further south, into Sheridan County, Nebraska, where he eventually stopped at a grove of trees near a country road. At this point, the victim did not know where they were.

Defendant and the victim got out of the car, walked around, and returned to the car. Defendant opened the trunk, took out a mat, and laid it on the ground. He told the victim to take her clothes off, which she did, and defendant had sexual intercourse with her.

At some point later, the victim asked defendant if she could "go to the bathroom." She then ran away to a nearby farmhouse. No one was at the house and the victim entered. She contacted the county sheriff's office by telephone. The sheriff was sent in the general direction of the farm, as determined by the telephone number, since the victim did not know her location. The dispatchers determined the location of the farmhouse and radioed the sheriff, who drove to the farmhouse and picked up the victim. As the sheriff was driving out of the farmyard, defendant drove up in the victim's car. Defendant then drove away at a high rate of speed, pursued by several officers, and was eventually taken into custody in northern Sheridan County after defendant drove through a roadblock and blew out a tire on the car he was driving.

Defendant first contends that the trial court erred in failing to grant his motion for change of venue, filed November 28, 1989. As stated above, the incidents forming the basis for the information occurred on September 30, 1987, and the information was filed on November 6, 1989. Defendant's motion was argued to the court on March 27, 1990. One exhibit was submitted by defendant at this hearing. That exhibit consisted of 12 newspaper articles from the Rapid City (South Dakota) Journal. Two of the articles appeared in the newspaper shortly after the incident, six appeared in October 1987, and four appeared in 1988, with the most recent article appearing in September 1988.

No evidence as to the circulation of the Rapid City Journal in Sheridan County was presented, nor was any evidence presented that any person in Sheridan County read the Rapid City Journal.

The trial court did not rule on the motion immediately, but stated,

> We will wait until jury selection, and see if we can get an impartial jury. If the panel has been tainted by the

newspaper publicity, or in any other way, then we won't be able to select a fair and impartial jury and the Motion for Change of Venue will be granted.

On April 9, 1990, a jury panel of 27 was passed for cause, after 4 prospective jurors were excused because they stated they had formed an opinion on the case. The trial court permitted individual voir dire of the members of the panel, and a jury was selected. Defendant renewed his motion for change of venue and that motion was denied. The trial was on April 11, 1990, and the guilty verdicts were returned that same day.

The law with regard to changes of venue is well settled. A motion to change venue is addressed to the discretion of the trial judge, whose ruling will not be disturbed unless there has been an abuse of that discretion. *State v. Boppre*, 234 Neb. 922, 453 N.W.2d 406 (1990); *State v. Jacobs*, 226 Neb. 184, 410 N.W.2d 468 (1987); *State v. Bird Head*, 225 Neb. 822, 408 N.W.2d 309 (1987).

In *Bird Head, supra* at 830-31, 408 N.W.2d at 316, we stated:

The factors to be evaluated in determining whether a change of venue is required because of pretrial publicity include the nature of the publicity, the degree to which the publicity has circulated throughout the community, the degree to which the publicity circulated in areas to which venue could be changed, the length of time between the dissemination of the publicity complained of and the date of trial, the care exercised and ease encountered in selection of the jury, the number of challenges exercised during the voir dire, the severity of the offenses charged, and the size of the area from which the venire is drawn.

No evidence was presented which indicated the prospective jurors on the panel could not render a verdict based on the evidence presented in court. No evidence was presented as to the degree to which publicity was circulated in Sheridan County. Evidence showed that the last newspaper publicity in the Rapid City Journal was more than 18 months before the trial. That newspaper is published in Rapid City, South Dakota, which is approximately 130 miles from Rushville, Nebraska, where the case was tried.

The trial court scrupulously protected defendant's right to a

fair and impartial jury. The trial court did not err in denying defendant's motion for a change of venue. Defendant's first assignment of error is without merit.

Defendant next contends that his procedural due process rights were violated when just before the trial began, the court, at defendant's request, cleared the courtroom of everyone, including counsel and the court reporter, for a private discussion between defendant and the court. No objection was made by defense counsel as to the actions of the court. "Failure to assert a timely objection at the time of trial constitutes a waiver of the objection." *State v. Keithley*, 227 Neb. 402, 408, 418 N.W.2d 212, 216 (1988).

In this appeal, defendant contends that the court's conduct constituted "plain error" and that this court must review the court's actions under that standard. We have said that plain error is error which was not preserved at trial, but is plainly evident from the record, which prejudicially affects a litigant's substantial right and is of such a nature that to leave it uncorrected would cause a miscarriage of justice. *In re Interest of A.M.H.*, 233 Neb. 610, 447 N.W.2d 40 (1989). We have always reserved the right to note plain error. *State v. Beyer*, 218 Neb. 33, 352 N.W.2d 168 (1984).

We will review the contentions under that approach. The private discussion occurred following an in-court conference with the counsel for both parties and the defendant personally present. The conference occurred after a jury had been selected and just before the opening statements were to be made. The jury was not present. Defendant told the court that he did not "feel comfortable" with attending trial, and the following colloquy took place:

> THE COURT: I don't understand what you mean when you say, that you don't feel comfortable? Is there anything that we can do that would make you feel comfortable? . . .

> MR. RED KETTLE: — give me an hour or so, and I could write it down and give it to you, if I speak it out in front of anybody here it could hurt me.

> THE COURT: We have got to start the trial here in just a few minutes. Is there something that I, as a Judge, could fix?

. . . .

THE COURT: . . . Is there something that you also don't want [your attorney] to hear and how about this court reporter?

MR. RED KETTLE: Nobody.

THE COURT: Just you and me.

Okay. Sheriff, clear the courtroom, it will be just me and Mr. Red Kettle.

The court and defendant then apparently had a private conversation. The others then returned to the court, and, in the presence of defendant and his counsel, the court stated that the "upshot" of their discussion was that the defendant wanted to make a phone call to legal aid and another to his family to tell them the trial was to start. No objection was made by defendant or his counsel to the court's summary of the conversation.

With that background, defendant now cites *State v. Barker*, 227 Neb. 842, 420 N.W.2d 695 (1988), as holding that a judge should not initiate, invite, or consider an ex parte communication concerning a pending case, and contends that "[t]his conduct by the court amounts to plain error on the record, and constitutes reversible error." Brief for appellant at 10.

It is clear that the court's actions, although apparently taken out of an abundance of concern for the defendant, were unwise, and have resulted in giving defendant, on appeal, another reason for his requested reversal of this case. Nonetheless, the court's actions did not result in any prejudice to defendant and did not constitute plain error. If any person could be heard to complain about the conversation, it would be the county attorney for Sheridan County. The conversation was indeed ex parte, excluding the county attorney but not the defendant, who was a party to the conversation.

Prejudice in this connection is not even alleged. If indeed the court's conduct in this regard constituted error, the error was certainly not prejudicial to defendant and therefore cannot constitute reversible error. As set out in *State v. Boppre*, 234 Neb. 922, 955, 453 N.W.2d 406, 430 (1990), "A conviction will not be set aside in the absence of a showing that an error prejudiced the defendant." Further, error invited by a

defendant, as in this case, is not reversible error. As we said in *State v. Ditter*, 232 Neb. 600, 606, 441 N.W.2d 622, 626 (1989), "This jurisdiction also follows the rule that a defendant cannot complain of error which he invited the court to commit." In this case, defendant specifically asked to speak to the judge privately. He may not now be heard to complain that his request was granted, unless he can show prejudice arising from the conversation. Defendant's assignment of error in this regard is without merit.

Defendant then contends, in his third assignment of error, that the trial court erred when it "allowed the defendant to waive his presence at trial." Immediately before jury selection and again immediately before trial, the court instructed defendant in detail that his presence at trial is a right which enables a defendant to aid his attorney in presenting his defense. The court read to the defendant Neb. Rev. Stat. § 29-2001 (Reissue 1989), which requires a felony defendant's presence at trial.

Defendant states, "The general rule is that an accused has a right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *State v. Bear Runner*, 198 Neb. 368, 370, 252 N.W.2d 638, 640 (1977). Defendant misses the issue. There can be no doubt that defendant does have the right he asserts in his brief. Section 29-2001 spells that out when it provides, "No person indicted for a felony shall be tried unless personally present during the trial."

The questions presented are whether defendant can waive that right, and, if he can, did he waive it in this case? As to the first, this court said in *Scott v. State*, 113 Neb. 657, 659, 204 N.W. 381 (1925), that under Comp. Stat. § 10129 (1922), which is identical to and the predecessor of § 29-2001, "defendant has a right to be present at all times when any proceeding is taken during the trial . . . unless he has waived such right; and, it being a personal right to the defendant, the waiver thereof, if permitted, must be by him personally, and not by his attorneys."

Other courts have recognized that the right may be waived. In *U.S. v. Fontanez*, 878 F.2d 33, 35 (2d Cir. 1989), the court

stated: "Despite the constitutional and statutory dimensions of a defendant's right to be present [at trial], the right may be waived. *Diaz v. United States*, 223 U.S. 442, 456-58, 32 S.Ct. 250, 254-55, 56 L.Ed. 500 (1912) . . . ." See, also, *Polizzi v. U.S.*, 926 F.2d 1311 (2d Cir. 1991); *United States v. Tortora*, 464 F.2d 1202 (2d Cir. 1972).

If a defendant is to effectively waive his presence at trial, that waiver must be knowing and voluntary. *Polizzi v. U.S., supra.* In the case before us, defendant was in the nearby county jail and specifically refused to come to the trial. His right to be present was carefully explained to him in open court by the trial judge, both before the jury voir dire and just before the trial. His counsel urged him on both occasions to be present.

Just before the trial began, the court advised plaintiff of his right to be present and read to him § 29-2001, which requires defendant's presence at trial. The trial court told defendant:

> I don't want you to be convicted of anything you should not be convicted of. One of the safeguards is, if you come to court you can help in your defense, and you will be more than just an empty seat there, you will be a real person to these jurors.

Defendant responded, "I refuse to come."

The court then told defendant:

> We're going to go ahead and start this trial, and like I told you Monday, anytime you change your mind and want to come over to the trial let the jailer know, and the jailer will telephone the Court, and we will stop the trial immediately and wait for you to come over.

It is clear that defendant knowingly and voluntarily waived his presence at trial. At the request of the county attorney, the court then found that it was in the public interest to proceed in the voluntary absence of defendant. The trial then proceeded.

In these circumstances, the trial court was correct in proceeding as it did. To physically force defendant to attend the trial would just change a recalcitrant defendant to an obstreperous defendant, which would probably have resulted in much more prejudice than any possible arising from his mere absence. The jury was instructed, without objection from defendant, as follows:

> Mr. Red Kettle has an absolute right not to testify. The fact that he did not testify must not be considered by you as an admission of guilt and must not influence your verdict in any way.
>
> Mr. Red Kettle also has a right not to be present at the trial. The fact that he has been voluntarily absent from the trial must not be considered by you as an admission of guilt and must not influence your verdict in any way.

A duly and properly set criminal trial cannot be frustrated by the voluntary acts of the defendant. The trial court did not err in holding the trial in defendant's voluntary absence.

Defendant next contends that the trial court erred when the court allowed the victim to identify defendant, during her testimony, from his photograph. Defendant contends that he must be identified in person. We first note that the problem arises because, as discussed above, defendant had voluntarily waived his presence.

In *State v. Stephenson*, 199 Neb. 362, 364, 258 N.W.2d 824, 826 (1977), we said:

> Photographs are admissible in evidence if shown to be true and correct representations of the places or subjects they purport to represent at times pertinent to the inquiry. Their admission is largely within the discretion of the trial court, and unless an abuse of discretion is shown error may not be predicated thereon.

With regard to the photograph, the sheriff of Sheridan County testified, without objection, "That is Bryon [sic] Red Kettle." The chief of police of Rushville, Nebraska, when handed the photograph, testified, "That is the person I placed under arrest that afternoon." A police officer for the Pine Ridge Police Department who aided in defendant's capture was shown the photograph of defendant and testified, "It is Bryon [sic] Red Kettle." The victim testified that she recognized the photograph as one showing the person who abducted and sexually assaulted her. The trial court did not abuse its discretion in allowing defendant to be identified by the victim from defendant's photograph.

Defendant's next assignment is that the trial court erred "in instructing the county attorney how to question the State's

primary witness . . . ." This assignment is apparently based on actions of the trial court which defense counsel now contends were misconduct.

The problem stems from the following exchange during the trial, after the county attorney asked the victim if she recognized the person depicted in the defendant's photograph discussed above:

> [Defense Counsel]: Objection, lack of foundation.
>
> THE COURT: Sustained. Ask her how she knows.
>
> [Defense Counsel]: Object to the Court's instructing Counsel how to examine the witness.
>
> THE COURT: The objection is overruled. Ma'am, you may answer.

No further objection was made by defendant to the testimony following this exchange. Defendant did not move for a mistrial. We have said that trial courts should refrain from commenting on evidence or making remarks prejudicial to a litigant or calculated to influence the minds of the jury. *State v. Chapman*, 234 Neb. 369, 451 N.W.2d 263 (1990). The remarks of the trial judge, as set out above, did not go to the merits of the case, but were neutral in nature. There is no showing that the court's action prejudiced or adversely affected any right of defendant. Defendant's assignment of error in this regard is without merit.

Defendant then contends, in his sixth assignment of error, that the trial court erred "in allowing the alleged victim to testify regarding events which did not take place in Nebraska, as a substitute for the lack of evidence of any threats or intimidation by the defendant in Nebraska."

In his argument, defendant admits that there was "evidence of physical force by Red Kettle against [the victim] several hours earlier in South Dakota" and concludes that "[t]here was insufficient evidence to prove beyond a reasonable doubt that the sexual intercourse was done by intimidation, force or threat of force in Nebraska." Brief for appellant at 17.

The argument is specious, even if it is assumed that no force was used in Nebraska. We have said, "When some requisite elements of a crime are committed outside Nebraska, but an essential element of the crime is committed or occurs in

Nebraska, a Nebraska court has subject matter jurisdiction for prosecution of a defendant charged with the crime." *State v. Schaaf*, 234 Neb. 144, 150, 449 N.W.2d 762, 767 (1989). See, also, *State v. Manchester*, 213 Neb. 670, 331 N.W.2d 776 (1983); *State v. Hilpert*, 213 Neb. 564, 330 N.W.2d 729 (1983).

On this issue, there is also sufficient evidence for the jury to determine that defendant used force against the victim from the beginning of his encounter with her until she escaped from defendant after she had been sexually assaulted. Defendant first put a knife to the victim's throat at his initial encounter with her. When she pretended to faint and fell to the floor, the victim testified, defendant "began to pull me by my hair" and "the pain was excruciating." Defendant threatened, at least three times, to kill the victim during the flight from the robbery and threatened to lock her in the trunk of the car. When the sheriff found the victim at the farmhouse after she had been sexually assaulted and had escaped from defendant, the sheriff testified: "She was very hysterical. Her face was — appeared to be chapped from having been crying. She was crying all of the time that I was there. She was very, very upset emotionally." Defendant's contention that the evidence did not show force used in committing his sexual assault on the victim is both legally and factually frivolous. As we have said, "Where resistance would obviously be useless, futile, or foolhardy, it is wholly unrealistic to require affirmative direct demonstration of the utmost physical resistance as proof of the female's opposition and lack of consent." *State v. Campbell*, 190 Neb. 22, 25, 206 N.W.2d 53, 56 (1973). Defendant's assignment of error in this regard is without merit.

Defendant then argues that the evidence was insufficient, overall, to support defendant's conviction of first degree sexual assault because there was no corroboration of the victim's testimony. As to this issue, defendant says only, "Under the 1989 statute which removed the requirement of corroboration, the risk of a defendant being tried and convicted on fabricated testimony is greatly increased." Brief for appellant at 17. No further points are raised. Neb. Rev. Stat. § 29-2028 (Reissue 1989) provides: "The testimony of a person who is a victim of a sexual assault as defined in sections 28-319 to 28-320.01 shall

not require corroboration." In the state of the record before us, we determine that defendant's assignment of error in this regard is without merit.

Defendant next contends that "[t]he evidence was insufficient to support a conviction for Receiving Stolen Property." Defendant was charged in count III with receiving or retaining stolen property, in violation of Neb. Rev. Stat. § 28-517 (Reissue 1989). That section provides, in pertinent part, that "[a] person commits theft if he receives, retains, or disposes of stolen movable property of another knowing that it has been stolen . . . ."

Defendant contends that defendant's conduct "may amount to auto theft in South Dakota, but it is not receiving stolen property under the intent of the Nebraska statute." Brief for appellant at 20.

The evidence clearly shows that defendant stole the victim's car in South Dakota. At that point, defendant had not violated any Nebraska statute. When defendant drove that stolen vehicle into Nebraska, however, he violated § 28-517.

Neb. Rev. Stat. § 29-1307 (Reissue 1989) provides: "Whenever any person shall be liable to prosecution as the receiver of any personal property that shall have been feloniously stolen, taken or embezzled, he may be indicted in any county where he received or had such property, notwithstanding the theft was committed in another county."

Clearly, the evidence shows that defendant "received or had" stolen property in Sheridan County. Defendant's assignment of error is without merit.

Finally, defendant contends the sentences imposed on him were excessive and were an abuse of the trial court's discretion. Sexual assault in the first degree, as charged against defendant in count I, is a Class II felony, with a possible sentence of 1 to 50 years' imprisonment. Operating a motor vehicle to avoid arrest, in violation of Neb. Rev. Stat. § 28-319 (Reissue 1989), is a Class IV felony, with a possible penalty of 0 to 5 years' imprisonment, plus a possible fine. Receiving stolen property is a violation of § 28-517, and when the stolen property is of the value of more than $1,000, it is a Class III felony, with a possible penalty of 1 to 20 years' imprisonment, plus a possible fine. The

victim testified her stolen car had a value of $2,700.

As set out above, defendant was sentenced to 15 to 25 years' imprisonment for first degree sexual assault, to be served consecutively to any sentence received in the federal or South Dakota state courts. Defendant was also sentenced to 1 to 3 years' imprisonment for operating a motor vehicle to avoid arrest and to 1 to 3 years for receiving stolen property. The latter two sentences were to be served concurrently with each other and consecutively to the sexual assault sentence.

The law in this area is clear. A sentence imposed within the statutory limits will not be disturbed on appeal unless there is an abuse of discretion. *State v. Tweedy*, 224 Neb. 715, 400 N.W.2d 865 (1987); *State v. Gonzales*, 224 Neb. 659, 399 N.W.2d 832 (1987). Moreover, it is within the discretion of the district court to direct that sentences imposed for separate crimes be served consecutively. *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986); *State v. Tweedy*, 196 Neb. 246, 242 N.W.2d 626 (1976). An abuse of discretion takes place where the trial court's reasons or rulings were clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986).

In this case, each of the sentences is well within the statutory limits. Insofar as the sentences were ordered to be served consecutively to the federal and South Dakota sentences, defendant contends that the "maximum sentence" had been imposed by the federal and South Dakota state courts. Defendant would have the State of Nebraska ignore the fact that defendant violated Nebraska law, in addition to his violations of federal and South Dakota law.

Defendant has cruelly assaulted an innocent woman within Nebraska. The trial court did not abuse its discretion in imposing a consecutive sentence for that specific act. In a similar manner, the other two sentences are within the court's discretion. The trial court did not err in imposing the sentences it did.

There was no error committed by the trial court. The judgment and sentences are affirmed.

AFFIRMED.

WHITE, J., participating on briefs.