STATE OF NEBRASKA, APPELLEE, V.
RICHARD GALE ZLOMKE, APPELLANT.

689 N.W.2d 181

Filed December 3, 2004.   No. S-04-007.

Jon P. Worthman for appellant.

Jon Bruning, Attorney General, Don Kleine, and Matthew M. Enenbach for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

Wright, J.

## NATURE OF CASE

In this appeal, we are asked to determine whether a person charged with a felony who has been released on bond may, by his absence, waive the right to be present at all stages of his trial.

## SCOPE OF REVIEW

■ When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Thomas, ante* p. 570, 685 N.W.2d 69 (2004).

## FACTS

On May 31, 2002, Richard Gale Zlomke was charged with possession of a firearm by a felon, a Class III felony; assault in the second degree, a Class IIIA felony; and use of a firearm to commit a felony, a Class II felony. Zlomke appeared with counsel for arraignment and entered pleas of not guilty. Following arraignment, he remained free on bond. Prior to trial, Zlomke filed a motion asking the court to discharge his counsel so he could represent himself, and the motion was granted.

Trial commenced on November 6, 2002, with Zlomke appearing pro se. The jury was selected, and opening statements were made. After the State presented its evidence and rested, Zlomke began to present his case. Trial was then recessed until the following day. Zlomke failed to appear on November 7, and, on the court's own motion, the matter was continued to November 13.

When Zlomke again failed to appear before the court on November 13, 2002, the State requested that the trial proceed. It then presented evidence to establish that Zlomke's absence was voluntary. The court found his absence to be voluntary and allowed the trial to proceed. Because of Zlomke's absence, the court presumed that he had rested his case, and the State renewed its rest. The jury was instructed, and the State presented closing arguments. The court held that because Zlomke was voluntarily absent, he had waived his closing argument. The jury returned a verdict finding him guilty of all three charges.

On August 19, 2003, Zlomke was arraigned in a separate matter for failure to appear in connection with the above charges. He

was present at the arraignment and was represented by counsel. He subsequently entered a plea of guilty to this additional charge.

On December 2, 2003, Zlomke was sentenced on all four charges. He timely perfected this appeal.

## ASSIGNMENT OF ERROR

Zlomke assigns as error the trial court's decision to proceed with closing arguments, instruct the jury, and accept a verdict when he was absent from the courtroom and not represented by counsel.

## ANALYSIS

Whether Zlomke could and, in fact, did waive his right to attend all stages of his trial presents a question of law. The evidence was undisputed, and Zlomke presented no evidence to explain why he was not present for the remainder of the trial. When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Thomas, supra.*

Zlomke argues that the court erred in allowing the trial to proceed while he was absent and not represented by counsel. He relies upon Neb. Const. art. I, § 11, which states: "In all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel . . . ." He also relies upon Neb. Rev. Stat. § 29-2001 (Reissue 1995), which provides:

> No person indicted for a felony shall be tried unless personally present during the trial. Persons indicted for a misdemeanor may, at their own request, by leave of the court be put on trial in their absence. The request shall be in writing and entered on the journal of the court.

This court interpreted the predecessor statute to § 29-2001 in *Scott v. State,* 113 Neb. 657, 204 N.W. 381 (1925), in which a jury instruction was read during the voluntary absence of the defendant, who had been released on bail. We stated:

> It is insisted, and no doubt is the law, that under this statute defendant has a right to be present at all times when any proceeding is taken during the trial, from the impaneling of the

jury to the rendition of the verdict, inclusive, unless he has waived such right . . . .

*Id.* at 659, 204 N.W. at 381.

Addressing a situation where the defendant failed to appear while he was released on bail, we stated: "[I]t is the duty of the defendant under bail to attend the sessions of the court, and especially when his case is being tried, and his failure to do so constitutes a voluntary absence on his part and a waiver of his right under the statute quoted." *Id.* As a matter of policy, we stated that "[i]f defendant, out on bail, may prevent the completion of the trial by voluntarily absenting himself, and thus tie the hands of justice, he would be permitted to take advantage of his own wrong." *Id.* at 660, 204 N.W. at 382.

We elaborated further upon this issue in *State v. Red Kettle*, 239 Neb. 317, 476 N.W.2d 220 (1991). After acknowledging that a defendant may waive his right to be present at any proceeding during his trial, we stated that "[i]f a defendant is to effectively waive his presence at trial, that waiver must be knowing and voluntary." *Id.* at 325, 476 N.W.2d at 225.

On November 13, 2002, the second day that Zlomke was absent from the trial, the court proceeded to determine if Zlomke's absence was voluntary. The State presented the testimony of a number of witnesses. A Sheridan County deputy sheriff testified that as of the date of the hearing, Zlomke had not been arrested in another jurisdiction and that law enforcement officials had had no contact with Zlomke. Another deputy sheriff testified as to failed attempts to contact Zlomke at his home and as to notice given to his wife regarding the court proceedings. Zlomke's son testified that on the evening of November 6, Zlomke had spoken of "taking off" because he was dissatisfied with the way the trial was proceeding. Finally, the clerk of the district court testified that the clerk's office had had no contact with Zlomke or one of his agents since the first day of the trial. This was sufficient evidence to allow the court to proceed with the trial in Zlomke's absence.

Further evidence of the voluntary and knowing nature of Zlomke's absence was adduced at a later proceeding where he was represented by counsel. Counsel explained that Zlomke "was so overwhelmed by the situation that he was in, by representing

himself at trial, by the circumstances that were going on, that he simply could not come back to court." At the sentencing hearing, Zlomke stated: "As far as the failure to appear, I didn't come back because I just couldn't get here in front of everybody that day. I was under a lot of duress . . . ."

We conclude that Zlomke's absence during his trial was knowing and voluntary. Based upon our decisions in *Scott v. State*, 113 Neb. 657, 204 N.W. 381 (1925), and *State v. Red Kettle, supra*, Zlomke waived his rights under Neb. Const. art. I, § 11, and § 29-2001. The court did not err in proceeding with the trial in Zlomke's absence.

## CONCLUSION

For the reasons stated herein, Zlomke's convictions and sentences are affirmed.

AFFIRMED.