STATE OF NEBRASKA, APPELLEE, v. RONALD EUGENE WARNER, APPELLANT.

222 N. W. 2d 292

Filed October 10, 1974. No. 39461.

Richard J. Bruckner of Schrempp, Bruckner & Dinsmore, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

Ronald Eugene Warner filed a petition for declaratory relief and/or judgment on October 20, 1973. The petition was considered by the District Court as a motion to vacate sentence under the Post Conviction Act. After hearing, the District Court overruled the motion and the defendant has appealed.

In August 1970, in the District Court for Douglas County, the defendant Warner was found guilty of auto theft and burglary and sentenced to imprisonment for a term of 7 to 9 years on each count, sentences to run concurrently. On October 15, 1971, the judgment was affirmed by this court on appeal. See State v. Warner, 187 Neb. 335, 190 N. W. 2d 786. Mandate of this court was stayed pending application for writ of certiorari to the United States Supreme Court. The United States Supreme Court denied certiorari on April 17, 1972. Mandate of this court was issued on April 26, 1972.

On May 10, 1972, the defendant filed a motion in the District Court for Douglas County to vacate sentence and set aside the judgment of August 31, 1970. Execution of sentence was suspended until May 22, 1972, and the defendant's bond continued until that date. On May 22, 1972, after hearing, the matter was taken under advisement by the court and bond continued until further order of the court. On July 6, 1972, section 83-1,105, R. S. Supp., 1972, became effective. That statute

provided that when an indeterminate sentence was imposed, the minimum limit fixed shall not be less than the minimum provided by law nor more than one-third of the maximum term. If applicable to the present case, that statute would require a reduction in the minimum limit of defendant's sentences. On July 24, 1972, the Douglas County District Court overruled defendant's motion to vacate sentence in its entirety and remanded the defendant to the custody of the sheriff.

On October 20, 1973, the defendant filed the petition which is now before us on appeal. Hearing was had on November 20, 1973, and on January 11, 1974, defendant's motion for modification of sentence, denominated petition for declaratory relief, was overruled.

The defendant relies on the proposition that where an amendatory criminal statute, which serves to mitigate a criminal sentence previously imposed, becomes effective while the cause is still pending on appeal, and before final judgment, the punishment and sentence are those provided by the amendatory act. The defendant relies on State v. Randolph, 186 Neb. 297, 183 N. W. 2d 225, and State v. Rubek, 189 Neb. 141, 201 N. W. 2d 255. We have no quarrel with the rule, but the facts of this case place it wholly outside the ambit of the rule.

The real issue here is whether the defendant's original conviction and sentence of August 31, 1970, had become a "final judgment" on or before July 6, 1972, the effective date of the amendatory sentencing act. It is clear that the cause was pending on direct appeal until the entry of the final mandate of this court on April 26, 1972. On that date the conviction and sentence became a final judgment and thereafter was subject only to post conviction or other indirect attack.

Where an amendatory statute serving to mitigate criminal punishment becomes effective after conviction and sentence, but before final judgment, while the cause is

pending on appeal, an "appeal" means a *direct* appeal from the criminal conviction and sentence. Such an "appeal" does not include an appeal in or from a collateral or related proceeding.

The defendant's contention here rests on the assumption that the filing of a petition for post conviction or other collateral relief automatically terminates the finality of any preceding final judgment and reinstates any former appeal as though it had been continuously pending. To accept that assumption would destroy the distinctions between direct appeals from, or collateral attacks on, a criminal judgment and sentence. It would also destroy the finality of any judgment and sentence in a criminal case. An appeal in a post conviction proceeding is not a direct appeal from a conviction and sentence in a criminal case. The same conclusion has been reached elsewhere as to an amending act involving criminal punishment. See, People v. Chupich, 53 Ill. 2d 572, 295 N. E. 2d 1; People v. Gonzales, 15 Ill. App. 3d 265, 304 N. E. 2d 294.

The defendant's petition for relief, which was quite properly treated as a motion for post conviction relief, rests on an alleged illegal sentence. Matters relating to sentences imposed within statutory limits are not a basis for post conviction relief. Relief under the Post Conviction Act is limited to cases in which there was a denial or infringement of the rights of the prisoner such as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States. State v. Wade, *ante* p. 159, 219 N. W. 2d 233.

The judgment is affirmed.

AFFIRMED.