STATE OF NEBRASKA, APPELLEE, v. GEIR JONSSON, APPELLANT.

224 N. W. 2d 181

Filed December 12, 1974. No. 39545.

Paul F. Beetz, III, for appellant.

Clarence A. H. Meyer, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM:

On September 13, 1973, the defendant, Geir Jonsson, filed a motion for leave to file notice of appeal, or, in the alternative, to vacate sentence. The District Court, after reconsideration, overruled the motions and the defendant has appealed.

On January 26, 1973, the defendant, after trial, was found guilty of possession of cocaine with intent to deliver. On March 27, 1973, the defendant was sentenced to 5 years imprisonment. No appeal from that sentence was taken and no further action followed until the filing of the motion involved here on September 13, 1973.

The factual basis for defendant's contentions here is that an amendatory statute serving to mitigate the criminal punishment for the offense for which defendant was committed was passed by the Legislature on May 24, 1973, and took effect on September 2, 1973.

Section 28-4,125, R. S. Supp., 1972, at the time the defendant was sentenced, provided for imprisonment of 5 to 20 years. Under the amendment of September 2, 1973, it provided for imprisonment of 1 to 10 years for first offenders. The defendant was a first offender.

As to the finality of judgments in criminal cases, and their vulnerability to collateral or indirect attack, this case is controlled by State v. Warner, *ante* p. 438, 222 N. W. 2d 292. In that case we reaffirmed the principle that where an amendatory statute serving to mitigate criminal punishment becomes effective after conviction and sentence, but before final judgment, while the cause is pending on appeal, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise. State v. Warner, *supra*, held that an appeal within the meaning of that rule does not include an appeal in or from a

collateral or related proceeding. It also held that matters relating to sentences imposed within statutory limits are not a basis for post conviction relief. In the case before us, the judgment and sentence became final on April 27, 1973, and this court lost jurisdiction to hear a direct appeal. The judgment and sentence of the District Court then became final and are not subject to attack in a collateral post conviction proceeding.

The judgment of the District Court is therefore affirmed.

AFFIRMED.

McCowN, J., concurring.

I deem it advisable to note that the opinion here is correct so far as it goes, but it stops when it should proceed. The opinion responds to the argument that the Legislature intended to have the mitigated punishment statute applied wherever it could constitutionally be applied by holding that the defendant is too late because the judgment became final before the statute became effective. No matter how correct that technical holding may be, its justice and logic are wholly invisible to a defendant who was sentenced only 2 months before the mitigating statute was enacted. The fact that the court no longer can alter or change the defendant's final judgment and sentence does not mean that a mitigated punishment statute cannot be applied by the board of parole to appropriate cases within its jurisdiction in determining the date of eligibility for parole.

Exactly the same legal and equitable principles which support the rule that a court shall grant the defendant the benefit of a legislative act mitigating punishment, adopted prior to final judgment, also support the proposition that a board of parole, in exercising its jurisdiction, should grant the benefit of such an amendatory act to committed offenders in determining the date of eligibility for release on parole. The determination of the time when a prisoner becomes eligible for parole is a

legislative function relating to prison government and discipline and is not part of a judicial sentence. See People ex rel. Kubala v. Kinney, 25 Ill. 2d 491, 185 N. E. 2d 337. That legislative determination in this state is set out in section 83-1,110, R. S. Supp., 1972, and related statutes.

Where a criminal statute is amended by reducing the minimum sentence provided by law, after the judgment of conviction and sentence of a defendant have become final, the amendatory act should be applied to the defendant's sentence by the board of parole in determining the date of eligibility of the committed offender for release on parole under the provisions of section 83-1,110, R. S. Supp., 1972. It is only logical and reasonable to assume that the Legislature intended the new mitigated punishment, which it now feels fits the crime, to apply whenever possible. The defendant here may be entitled to have the amendatory act applied by the board of parole.

SPENCER, J., concurring.

I am in full agreement with the Per Curiam opinion herein and believe that it goes as far as it legally may, unless we wish to usurp a legislative prerogative. If we were to attempt to tell the board of parole to apply the amendatory act to the defendant's sentence in determining his eligibility for release on parole under the provisions of section 83-1,110, R. S. Supp., 1972, we would assume authority we do not have. Instead of interpreting the law, which is our proper function, we would be invading the legislative domain by making law, which is not our function.

WHITE, C. J., and NEWTON, J., join in this concurrence.