TATANKA SAPANAJIN, APPELLANT, V. DARRELL JOHNSON, SHERIFF, ET AL., APPELLEES.

360 N.W.2d 500

Filed January 4, 1985.   No. 84-535.

Thomas M. Sonntag of John Peetz, P.C., for appellant.

William C. Luben, Deputy Cheyenne County Attorney, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

Tatanka SapaNajin appeals to this court from the denial by the district court for Cheyenne County of his habeas corpus application for release from custody of the Cheyenne County sheriff and various other persons, including a state parole officer. Essentially, two assignments of error are urged. First, that the trial court erred in determining that the state parole authorities' hold was valid and, second, that a delay of 6 days from the time of the arrest to the arraignment in the county court entitles appellant to be released from custody and the underlying charges dismissed.

Appellant, SapaNajin, was arrested at approximately 1 a.m. on May 15, 1984, in a business establishment in Sidney, Nebraska. The business was not open, and SapaNajin was found hiding in an alcove in the building by several Sidney police officers.

SapaNajin was taken into custody and questioned, and as a result of the questioning was determined to be the same person as Jessee Travis Rouse, a parolee from the Nebraska Penal and

Correctional Complex. He was delivered to the custody of the Cheyenne County sheriff at approximately 4:15 a.m. The preliminary charges were suspected burglary and possession of a controlled substance. A complaint was filed by the Cheyenne County attorney on May 18, 1984, and the accused was first brought before a magistrate on May 21.

On May 15, 1984, the Cheyenne County authorities received a telex message at approximately 2 p.m. from the parole administrator in North Platte instructing the sheriff as follows: "HOLD SUBJECT WITHOUT BOND FOR PAROLE VIOLATION."

Sometime thereafter, a formal "Apprehension-Detention Request" was received by the Sidney police from the Department of Correctional Services. The document was dated May 15, 1984.

Appellant does not question the right of the Sidney police to arrest him and to deliver him to the sheriff. As to the first assignment, he claims that he was not subject to the lawful control of the state parole authorities on the date of his arrest. Appellant had been previously sentenced to a term of from 16 to 20 years' imprisonment effective from May 29, 1971, and paroled in January of 1982.

The appellant contends the provisions of 1975 Neb. Laws, L.B. 567, should be applied retrospectively and therefore his mandatory release date from incarceration had passed on the date of the arrest and the detention based on a parole hold was unlawful. Each party concedes that if L.B. 567 is not applied retrospectively, the appellant was subject to the control of the parole authorities. In *Boston v. Black*, 215 Neb. 701, 340 N.W.2d 401 (1983), we decided that the good time provisions of L.B. 567 were not applicable to persons who started their sentences prior to the effective date of the act, absent approval of the Board of Pardons, which the appellant has not obtained. Appellant was at all times lawfully confined and was not entitled to habeas corpus relief.

Since the relief requested cannot be granted, it is not necessary to discuss the second assignment, except to note that while not condoning an excessive delay between arrest and arraignment before a magistrate, that unexplained delay

between arrest and arraignment or preliminary hearing does not demonstrate a violation of the right of speedy trial in the absence of prejudice. See *State v. Ellis*, 184 Neb. 523, 169 N.W.2d 267 (1969). No showing of prejudice was made in the habeas corpus hearing.

The decision of the trial court is affirmed.

AFFIRMED.