STATE OF NEBRASKA, APPELLANT, V. DANIEL D. SCHREIN, APPELLEE.

526 N.W.2d 420

Filed January 20, 1995.   No. S-94-474.

Don Stenberg, Attorney General, James H. Spears, and William L. Howland for appellant.

J. William Gallup, of Gallup & Schaefer, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, LANPHIER, and WRIGHT, JJ., and GRANT, J., Retired.

WHITE, J.

Daniel D. Schrein was convicted by a jury of five counts of sexual assault of a child. This court upheld Schrein's convictions in *State v. Schrein*, 244 Neb. 136, 504 N.W.2d 827 (1993). The trial judge found Schrein to be a mentally disordered sex offender and sentenced Schrein to a term of not less than 15 months' nor more than 3 years' imprisonment on each of the five counts, with all sentences to run consecutively.

In 1992, the Nebraska Legislature passed 1992 Neb. Laws, L.B. 523, codified as Neb. Rev. Stat. § 29-2922 et seq. (Cum. Supp. 1994), which is known as the Convicted Sex Offender Act. Under the act, specifically § 29-2934, each person convicted and committed as a mentally disordered sex offender shall be returned to the court which sentenced the person so that the court may review the person's sentence to ensure that the disposition of the case is consistent with the provisions of the new act.

The district court reviewed the disposition of Schrein's case and found that Schrein was not amenable to treatment and could not, in a manner consistent with public safety, be placed in an aftercare program. The judge ordered Schrein to serve the remainder of his sentence at a facility of the Department of Correctional Services (DCS), in accordance with § 29-2934(7), and also ordered the DCS to calculate the amount of good time Schrein should be credited in accordance with the new good time provisions found in 1992 Neb. Laws, L.B. 816, § 2, codified as Neb. Rev. Stat. § 83-1,107 (Cum. Supp. 1992). L.B. 816 became effective while Schrein's appeal was pending, and increases the amount of good time that may be credited to an offender's sentence. The State appeals the determination that Schrein should be given the benefit of the new good time law instead of the previous good time law that was in effect when Schrein was sentenced.

The State argues that the date of a defendant's initial incarceration is the date which determines which good time law applies, and that a defendant who is convicted and starts his

sentence before the effective date of a new good time law cannot benefit from the new good time provisions. The State cites *Boston v. Black*, 215 Neb. 701, 340 N.W.2d 401 (1983); *SapaNajin v. Johnson*, 219 Neb. 40, 360 N.W.2d 500 (1985); and *Johnson v. Bartee*, 228 Neb. 111, 421 N.W.2d 439 (1988), as support for this analysis of Nebraska's good time law.

While it is true that *Boston*, *SapaNajin*, and *Johnson* concern analyses of the application of Nebraska's good time laws, none of the cases consider the issue of what law applies when the good time law is revised *during the pendency of a defendant's appeal*. *Boston* considered which good time law applied to those persons who were serving consolidated sentences and is thus inapplicable to the facts and issue now before this court. The offenders' judgments in *SapaNajin* and *Johnson* were final before the good time issue arose in those cases, and the cases are therefore also inapplicable.

Since the rule was first enunciated in *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971), *cert. denied* 403 U.S. 909, 91 S. Ct. 2217, 29 L. Ed. 2d 686, we have consistently held that where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act *but before final judgment*, the punishment is that provided by the amendatory act unless the Legislature has specifically held otherwise. See, *State v. Peiffer*, 212 Neb. 864, 326 N.W.2d 844 (1982); *State v. Warner*, 192 Neb. 438, 222 N.W.2d 292 (1974); *State v. Ambrose*, 192 Neb. 285, 220 N.W.2d 18 (1974); *State v. Waldrop*, 191 Neb. 434, 215 N.W.2d 633 (1974). In criminal cases, it is the sentence which is the judgment. *State v. Beverlin*, 244 Neb. 615, 508 N.W.2d 271 (1993); *State v. Foster*, 239 Neb. 598, 476 N.W.2d 923 (1991). In *Warner, supra*, we found that the defendant's conviction and sentence became a *final judgment* on the date that this court entered its mandate concerning the defendant's appeal. Thus, a conviction and sentence are not considered final judgments until after an appeal, if there indeed is an appeal.

By analogy, the new good time law should apply. Schrein was sentenced in 1991. Schrein's convictions were upheld by this court in 1993. See *Schrein, supra*. L.B. 816 became effective on July 15, 1992, during the time that Schrein's case was on

appeal. As stated above, L.B. 816 increased the amount of good time that may be granted to an offender. Clearly, this case is governed by the law established in *Randolph, supra*, and the cases which follow *Randolph*. Since the judgment against Schrein did not become final until after his appeal, or September 1993, L.B. 816 governs the amount of good time Schrein may receive. The trial court therefore correctly determined that the DCS should calculate the amount of good time Schrein could receive under the new good time provisions set forth in L.B. 816.

The State also argues that the district court had no jurisdiction to order the DCS to calculate Schrein's good time under the new law, since the DCS was not made a party to the hearing. This argument is meritless. The State would have this court believe that while it is a proper party in the case, the DCS is not. The DCS is an agency of the State. Generally speaking, a suit against a state agency is a suit against the state itself. *Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985). The State, in this case, cannot admit that the State itself is a proper party and then argue that its own agency is not, absent some statutory provision providing otherwise. No such statutory provision exists in this case.

Having found that the district court did not err in its determination that Schrein should receive the benefits of the new good time provision passed while Schrein's case was on appeal, we affirm the decision of the district court.

AFFIRMED.