REQUESTED BY: Harold W. Clarke, Director, Department of Correctional Services
QUESTION: Are the changes in the good time credits created by the passage of LB 371, Laws 1995 to be applied to the calculation of a criminal sentence based upon the date that the offense was committed or the date upon which the sentence was either imposed or became final?
CONCLUSION: When a change in the credit of statutory good time is enacted by our Legislature, the general rule, applicable in this case, is that the good time provisions of the law in effect at the time the offense was committed are to be applied to the calculation of a criminal sentence.
The general rule is that the date upon which a crime was committed governs the statutory good time credits to be employed in the calculation of a prisoner's sentence, rather than the date the sentence was imposed. Weaver v. Graham, 450 U.S. 24,67 L.Ed.2d 17, 101 S.Ct. 960 (1981). We believe that rule is applicable to your question.
The principal exception to that general rule is: If the Legislature increases the amount of statutory good time available to a prisoner between the date of the offense and the date when that prisoner's sentence becomes legally "final", then that prisoner is entitled to the benefit of the more generous statutory good time credits. State v. Schrein, 247 Neb. 256,526 N.W.2d 420 (1995). However, for the reason discussed below, we do not believe that exception to be at issue here.
We understand that you view the changes in Nebraska's statutory good time scheme wrought by the passage of LB 371 (1995) to generally result in longer terms of incarceration for Nebraska prisoners and our review of that legislation leads us to that same general conclusion. Certainly, that is the case with respect to the calculation of a prisoner's discharge date which we believe to be the crucial question.
Therefore, in our opinion, the statutory good time credits provided by LB 371 are applicable only to sentences imposed for crimes committed on or after the July 1, 1996 effective date of that legislation.
Sincerely yours,
 DON STENBERG Attorney General
 J. Kirk Brown Assistant Attorney General
Approved:
Don Stenberg
DON STENBERG, Attorney General