STANLEY JONES, APPELLEE, V.
HAROLD W. CLARKE ET AL., APPELLANTS.
568 N.W.2d 897

Filed October 3, 1997.   No. S-95-1315.

Don Stenberg, Attorney General, and Laurie Smith Camp for appellants.

Dennis R. Keefe, Lancaster County Public Defender, and Richard L. Goos for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

STEPHAN, J.

Stanley Jones, an offender currently incarcerated at the Nebraska State Penitentiary, filed this declaratory judgment action against the Nebraska Department of Correctional Services; its director, Harold W. Clarke; and Nebraska State Penitentiary Warden Frank Hopkins (Appellants) to determine his rights under Neb. Rev. Stat. § 83-1,107 (Reissue 1994), which prescribes the manner by which an offender's sentence

shall be reduced for good behavior, commonly referred to as "good time."

The issue presented in this case is whether Jones' good time should be computed under the statutory formula in effect at the time he began his incarceration in 1986, as urged by Appellants, or under a more liberal formula resulting from an amendment to the statute in 1992, as urged by Jones. This appeal is taken from a judgment entered by the district court for Lancaster County in favor of Jones, based upon that court's determination that because Jones' convictions and sentences did not become final until after the effective date of the 1992 amendment to § 83-1,107, his good time must be computed according to the formula established by the amendment. We affirm.

## BACKGROUND

The facts and procedural background of this case are not in dispute. Following a jury trial in 1986, Jones was convicted of attempted robbery and use of a firearm to commit a felony, for which he was sentenced to consecutive terms of 6 to 10 years' imprisonment. Following his sentencing, Jones perfected a timely direct appeal to this court. Shortly thereafter, Jones' attorney filed a motion for leave to withdraw on grounds that the appeal was frivolous. We granted the motion and summarily affirmed the convictions and sentences in a mandate issued on February 2, 1987.

Jones filed a petition seeking postconviction relief in August 1990, based upon his allegation that he was denied effective assistance of counsel in his direct appeal following his 1986 conviction. On June 10, 1991, the district court for Douglas County granted Jones' request for postconviction relief and held that he was entitled to a "new direct appeal to the Nebraska Supreme Court from his original conviction and sentence." Pursuant to this order, Jones filed a notice of appeal on June 27, and his direct appeal was reinstated in this court on July 2. We subsequently heard the appeal and affirmed Jones' convictions and sentences in an opinion filed on October 23, 1992. *State v. Jones*, 241 Neb. 740, 491 N.W.2d 30 (1992). The mandate was issued on November 10.

When Jones began serving his sentence, § 83-1,107 provided the formula by which an offender's prison term could be

reduced for good time. In 1992, the Legislature enacted L.B. 816, which amended § 83-1,107 by substituting a more liberal formula for the computation of good time. The amendment became effective on July 15, 1992. On that date, Jones was incarcerated and his reinstated direct appeal was pending before this court.

In 1994, Jones requested that the Department of Correctional Services compute his release date using the good time formula established by L.B. 816. The department declined this request, stating through its counsel: "In order to obtain the benefit of the more liberal good time laws enacted in July of 1992 (LB 816), you will need to submit a petition to the district court, seeking the application of new good time law." Jones then filed this action in the district court for Lancaster County.

Following submission on stipulated facts and exhibits, the district court entered judgment in Jones' favor based upon its finding that he was entitled to the good time computation contained in L.B. 816 because his convictions and sentences did not become final until after the effective date of that legislation. Appellants perfected an appeal to the Nebraska Court of Appeals. Based upon our authority to regulate the dockets of the Court of Appeals and this court, we removed the case to our docket on our own motion.

## ASSIGNMENT OF ERROR

Appellants contend that the district court erred in finding that the reinstated direct appeal of Jones' criminal convictions entitled him to receive the benefits of the good time formula contained in L.B. 816, which became effective before the final disposition of the appeal, because Jones was convicted and incarcerated prior to the effective date of L.B. 816.

## STANDARD OF REVIEW

When a declaratory judgment action presents a question of law, an appellate court has an obligation to reach its conclusion independent from the conclusion reached by the trial court with regard to that question. *Burke v. Blue Cross Blue Shield*, 251 Neb. 607, 558 N.W.2d 577 (1997); *Farm Bureau Ins. Co. v. Bierschenk*, 250 Neb. 146, 548 N.W.2d 322 (1996).

## ANALYSIS

Our law is well settled that where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically held otherwise. *State v. Schrein*, 247 Neb. 256, 526 N.W.2d 420 (1995); *State v. Warner*, 192 Neb. 438, 222 N.W.2d 292 (1974); *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971), *cert. denied* 403 U.S. 909, 91 S. Ct. 2217, 29 L. Ed. 2d 686. During the pendency of an appeal in a criminal case, "the execution of the sentence or judgment shall be suspended until such time as the appeal has been determined." Neb. Rev. Stat. § 29-2301 (Reissue 1995). A sentence is not a final judgment until the entry of a final mandate of an appellate court. *State v. Warner, supra*; *Richardson v. Clarke*, 2 Neb. App. 575, 512 N.W.2d 653 (1994).

In *State v. Schrein, supra*, we addressed the issue of whether L.B. 816 applied to the sentence of a defendant whose appeal from a criminal conviction was pending on the effective date of that legislation and was subsequently affirmed on appeal. We held that because the judgment did not become final until the issuance of the mandate by this court affirming the conviction and sentence, the case was governed by *State v. Randolph, supra*, and the defendant's good time was to be determined under the provisions of L.B. 816.

While acknowledging our holding in *Schrein*, Appellants contend that this case is governed by *Duff v. Clarke*, 247 Neb. 345, 526 N.W.2d 664 (1995), decided approximately 1 month after *Schrein*, and our decisions in *Johnson v. Bartee*, 228 Neb. 111, 421 N.W.2d 439 (1988); *SapaNajin v. Johnson*, 219 Neb. 40, 360 N.W.2d 500 (1985); and *Boston v. Black*, 215 Neb. 701, 340 N.W.2d 401 (1983). Appellants contend that these cases support their position that good time should be computed on the basis of the law in effect at the time that an offender begins serving his sentence. This is essentially the same argument advanced unsuccessfully by the State in *Schrein*, where we noted:

> While it is true that *Boston*, *SapaNajin*, and *Johnson* concern analyses of the application of Nebraska's good time laws, none of the cases consider the issue of what law

applies when the good time law is revised *during the pendency of a defendant's appeal. Boston* considered which good time law applied to those persons who were serving consolidated sentences and is thus inapplicable to the facts and issue now before this court. The offenders' judgments in *SapaNajin* and *Johnson* were final before the good time issue arose in those cases, and the cases are therefore also inapplicable.

247 Neb. at 258, 526 N.W.2d at 421.

*Duff v. Clarke, supra,* involved an offender convicted of first degree sexual assault on a child. He was sentenced to 12 to 20 years' incarceration, and upon being found by the sentencing court to be a treatable mentally disordered sex offender, he was committed to the Lincoln Regional Center. He was ordered by the court to finish the remainder of his sentence at the Department of Correctional Services if he was later found to be no longer mentally disordered or if he had received the maximum benefit of treatment available at the regional center. He began serving this sentence in 1988. In August 1992, Duff elected to be resentenced under the Convicted Sex Offender Act, now codified at Neb. Rev. Stat. § 29-2934(4) (Reissue 1995), which had been enacted during his confinement at the regional center. The district court reviewed his sentence, determined that he had reached the maximum benefit of treatment in an inpatient treatment program and could not be safely placed in an aftercare treatment program, and therefore ordered him to serve the remainder of his sentence in the custody of the Department of Correctional Services. The judgment of resentencing was affirmed on appeal, and Duff thereafter filed an action to require recomputation of his sentence under the provisions of L.B. 816, which action was decided against him by the district court. In affirming the district court's judgment, we noted that our decision in *State v. Schrein,* 247 Neb. 256, 526 N.W.2d 420 (1995), extended the provisions of L.B. 816 to an offender who was convicted and sentenced before the effective date of the statute "but whose conviction and sentence were not *final* until after the effective date of the statute." *Duff v. Clarke,* 247 Neb. at 348, 526 N.W.2d at 667. We held that *Schrein* was inapplicable because "Duff's conviction was considered to be a

final judgment in 1988, 4 years before the effective date of the new good time law." *Duff v. Clarke*, 247 Neb. at 349, 526 N.W.2d at 667.

The State's reliance on *Duff* is misplaced. Under our holding in *Schrein*, Jones' good time must be computed under the law in effect in November 1992, when the original convictions and sentences were affirmed in his reinstated direct appeal and thereby became final. We decline the State's invitation to hold *Schrein* inapplicable in the case of a reinstated direct appeal. The delay in the resolution of Jones' direct appeal was due solely to the fact that he was denied effective assistance of counsel when he initially prosecuted his appeal. His reinstated appeal was pending, and his sentences were therefore suspended, notwithstanding his incarceration, by operation of § 29-2301 on the date L.B. 816 became effective. Like any other offender whose sentence was suspended pending direct appeal when the good time statute was amended, Jones is entitled to the benefits of the statute in effect on the date when his appeal was decided and his convictions and sentences became final. The district court correctly applied the law to the undisputed facts, and its judgment should therefore be affirmed, requiring Appellants to compute Jones' term of incarceration in accordance with the provisions of § 83-1,107 as amended by L.B. 816.

AFFIRMED.