STATE OF NEBRASKA, APPELLEE, V.
JIMMY R. HARRIS, APPELLANT.
583 N.W.2d 366

Filed August 18, 1998.   No. A-97-867.

Alan G. Stoler and Jerry M. Hug for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HANNON, IRWIN, and INBODY, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Jimmy R. Harris appeals from the sentence imposed by the district court upon Harris' conviction for felony driving under suspension pursuant to Neb. Rev. Stat. § 60-6,196 (Reissue 1993). Although we do not find the sentence to be an abuse of discretion, because of an amendment to the indeterminate sentencing statute, Neb. Rev. Stat. § 29-2204 (Supp. 1997), we modify the sentence and affirm it as modified.

## II. BACKGROUND

Harris, who is now 69 years old, has a lengthy history of encounters with law enforcement arising primarily out of driving under the influence of alcohol (DUI) and driving under a suspended license (DUS). Despite having had his license previously revoked for DUI, on October 7, 1996, Harris was once again stopped for DUI and DUS.

After pleading guilty, Harris was sentenced to 4 to 5 years' incarceration for the DUS charge. Harris timely appealed the sentence on the DUS charge.

## III. ASSIGNMENT OF ERROR

The only error assigned in this appeal is that the district court abused its discretion in imposing an excessive sentence for Harris' DUS conviction.

## IV. ANALYSIS

### 1. EXCESSIVE SENTENCE

Harris asserts that the sentence imposed by the district court was excessive when considering his age, mentality, education, health, and background. Essentially, Harris asserts that he is approaching 70 years old, faithfully served the country in the military, has a steady job, and is in relatively poor health and under a great deal of stress. As such, he argues that a sentence of probation would be more appropriate in this case. We strongly disagree.

The presentence investigation report in this case reveals that Harris has been given numerous opportunities in the past to stop his dangerous and destructive habits, but repeatedly chooses to violate the law. Specifically, Harris had five prior DUI convictions at the time of this offense, and the DUI offense which occurred on the same night as the present DUS offense raises his total to six DUI convictions. Harris has previously been sentenced to probation for DUI, and his license had been suspended four times prior to the present offense, for periods of time ranging from 1 year to 99 years. Harris has previously been convicted of DUS on three occasions, and he received probation each time. Additionally, Harris has twice been convicted of carrying a concealed weapon and has been cited once each for DUI and DUS where prosecution was declined. Finally, Harris' record indicates a previous charge of violating his probation, although no disposition is noted. That violation of probation charge is in addition to Harris' apparent repeated probation violations of continuing to drive without a license.

The law in Nebraska is very clear that a sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Thomas*, 6 Neb. App. 510, 574 N.W.2d 542 (1998); *State v. James*, 6 Neb. App. 444, 573 N.W.2d 816 (1998). An abuse of discretion occurs where the judge's ruling is clearly untenable and deprives a litigant of a just result in a judicial proceeding. *State v. Thomas, supra.*

From a review of the court's comments during the sentencing hearing, it is apparent that the court was concerned with Harris' refusal to heed prior admonishments to stop his behavior and

his repeated violation of the law and endangerment of the public. The court noted as follows:

> [W]e're worried that you're going to kill somebody, and you've been extremely lucky. Now, just think about this: I count six, but when we get up over four or five, you know, what are we doing, DWIs? And what that basically means, being at this 20-some years and being in municipal court for some 12, 13 years, is that you're driving drunk the majority of the time that you drive. Probably 90 percent of the time that you're behind the wheel you've got too much alcohol in your system, and you're a menace to everybody that's out on the roads, and that's just, you know, really inexcusable. And you've just been extremely lucky that you haven't killed somebody or killed yourself. . . .
>
> . . . [A]pparently your modus operandi is I'm going to go out and drink and drive and I don't care if I have a driver's license, I don't care who I might hurt, I'm going to go drive. . . .
>
> . . . [Y]ou are a menace to the citizens of the State of Nebraska because your track record is such that you just keep coming back. The system has done everything it could do. I mean, you had DWI after DWI. You had probations. . . .
>
> . . . [E]very opportunity has been given to you to look at your problem and try to resolve it. But your answer to that is to keep drinking and driving.

Given Harris' repeated refusal to comply with the law or previous orders of the court that he stop drinking and driving and driving without a license, the judge's sentence in this case is clearly not an abuse of discretion. We are not persuaded by Harris' argument on appeal that his crime was "victimless." Rather, Harris' past behavior indicates that if Harris is given the opportunity to continue, it is only a matter of time before somebody is seriously injured by Harris' actions. We are also not persuaded by Harris' argument on appeal that although he knew he should not be driving, he was merely trying to help somebody else out by driving a woman and her ill infant to the hospital on this occasion. If nothing else, those circumstances illustrate clearly that Harris cannot exercise good judgment regarding

drinking and driving while his license has been revoked, and the previous probation orders are clearly not benefiting him.

## 2. LEGISLATIVE AMENDMENT

■ Although the sentence of the district court was not an abuse of discretion, the Legislature has amended the indeterminate sentencing statute, and we are compelled to consider if the amendment has any effect on Harris' sentence. At the time the district court entered the sentence in this case, § 29-2204 (Reissue 1995) provided, in relevant part, that "in imposing an indeterminate sentence upon an offender, the court shall: . . . [f]ix the minimum and maximum limits of the sentence to be served within the limits provided by law . . . ." In 1997, the Legislature amended this provision, however, to provide that where the criminal offense for which an indeterminate sentence is to be imposed is a Class IV felony, "the court shall fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be . . . more than one-third of the maximum term . . . ." § 29-2204 (Supp. 1997); 1997 Neb. Laws, L.B. 364. The operative date of this amendment was July 1, 1998.

■ The law is well settled in Nebraska that where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically held otherwise. *Jones v. Clarke,* 253 Neb. 161, 568 N.W.2d 897 (1997); *State v. Groff,* 247 Neb. 586, 529 N.W.2d 50 (1995); *State v. Schrein,* 247 Neb. 256, 526 N.W.2d 420 (1995); *State v. Randolph,* 186 Neb. 297, 183 N.W.2d 225 (1971), *cert. denied* 403 U.S. 909, 91 S. Ct. 2217, 29 L. Ed. 2d 686; *State v. Bennett,* 2 Neb. App. 188, 508 N.W.2d 294 (1993). A sentence is not a final judgment until the entry of a final mandate of an appellate court if an appeal is taken. *Jones v. Clarke, supra; State v. Schrein, supra; State v. Bennett, supra.* As such, the amendment in the present case occurred after the criminal activity but prior to the final judgment.

Under the newly amended statute, the district court could no longer order a sentence of 4 to 5 years' imprisonment, because the minimum portion of the indeterminate sentence may not

exceed one-third of the maximum portion of the sentence. As such, we modify the sentence to reduce the minimum portion of the sentence to 20 months. Harris is, accordingly, sentenced to serve a term of 20 months' to 5 years' imprisonment.

## V. CONCLUSION

The district court committed no abuse of discretion. However, because of a legislative amendment, the sentence is modified.

AFFIRMED AS MODIFIED.