STATE OF NEBRASKA, APPELLEE, V. JOHN HURST, APPELLANT.
594 N.W. 2d 303

Filed May 25, 1999. No. A-97-1299.

Bradley Gianakos, Deputy Adams County Public Defender, for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

SIEVERS and MUES, Judges, and HOWARD, District Judge, Retired.

MUES, Judge.

In *State v. Hurst, ante* p. 280, 289, 594 N.W.2d 303, 309 (1999), from the paragraph beginning "The law is well settled," the opinion should read as follows:

The law is well settled in Nebraska that where a criminal statute is amended by mitigating the punishment, after commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically held otherwise. *State v. White*, 256 Neb. 536, 590 N.W.2d 863 (1999); *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999); *Jones v. Clarke*, 253 Neb. 161, 568 N.W.2d 897 (1997); *State v. Groff*, 247 Neb. 586, 529 N.W.2d 50 (1995); *State v. Schrein*, 247 Neb. 256, 526 N.W.2d 420 (1995); *State v. Harris*, 7 Neb. App. 520, 583 N.W.2d 366 (1998). A sentence is not a final judgment until the entry of a final mandate of an appellate court if an appeal is taken. *State v. White, supra*; *State v. Urbano, supra*. The amendment in the present case occurred after the criminal activity, but prior to the final judgment.

Under the new statutes, Hurst's conviction for assaulting a peace officer would be a Class IIIA felony, punishable by 0 to 5 years' imprisonment. See Neb. Rev. Stat. § 28-931 (Cum. Supp. 1998); 1998 Neb. Laws, L.B. 1266. In *State v. Urbano, supra*, the Nebraska Supreme Court addressed the effect of legislative amendments to the sentence of a defendant, such as Hurst, whose crime was reclassified from a Class IV felony to a Class IIIA felony following sentencing but prior to final judgment. According to the *Urbano* court, the amendment's reclassification of certain crimes from Class IV felonies to Class IIIA felonies "classifies [such] crime[s] as more severe and creates a potentially harsher minimum punishment than that which is permitted for Class IV felonies." 256 Neb. at 207, 589 N.W.2d at 154. Therefore, the *Urbano* court held that application of the amendatory terms and

corresponding penalties found in the legislative amendments would convert a Class IV felony conviction to a Class IIIA conviction and would amount to an impermissible ex post facto application of the new law. The *Urbano* court concluded that the defendant's conviction remained that of a Class IV felony.

Based upon *State v. Urbano, supra,* Hurst's conviction for assaulting a peace officer remains a Class IV felony. Hurst's sentence for the assault charge was 30 months' imprisonment. This was a determinate, as opposed to an indeterminate, sentence. Determinate sentences are expressly provided for under the 1997-98 legislative enactments discussed above. See Neb. Rev. Stat. §§ 29-2204 and 83-1,105.01 (Cum. Supp. 1998). See, also, *State v. White, supra.* As the *White* court explained, "[B]ecause there is no statutorily mandated minimum punishment for a Class IV felony, the minimum term of a Class IV felony determinate sentence . . . is the minimum provided by law, which is 0 year's imprisonment." *Id.* at 544, 590 N.W.2d at 869. Applying the current terms of §§ 29-2204 and 83-1,105.01, Hurst's determinate sentence of 30 months' imprisonment is effectively a sentence with a maximum term of 30 months and by operation of law, a minimum term of 0 years. See *id.*

## CONCLUSION

There was sufficient evidence in the record for the jury to find that Hurst had the requisite intent necessary to convict him of the crimes charged. Hurst's sentences are not excessive except the district court's sentence of 6 months' imprisonment on count III, the criminal mischief conviction, a Class III misdemeanor, which exceeds that authorized by statute and is accordingly modified as set forth in this opinion. As a result of recent statutory sentencing amendments, the determinate sentence of 30 months' incarceration for assaulting a police officer amounts to a sentence with a maximum term of 30 months and, by operation of law, a minimum term of 0 year's imprisonment.

AFFIRMED AS MODIFIED.

The opinion, *State v. Hurst, ante* p. 280, 594 N.W.2d 310 (1999), is thus modified.

FORMER OPINION MODIFIED.