IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MCLEOD V. FRAKES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JERROLD A. MCLEOD, APPELLANT,

V.

SCOTT FRAKES, DIRECTOR, NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES,
AND KYLE POPPERT, RECORDS ADMINISTRATOR, NEBRASKA DEPARTMENT
OF CORRECTIONAL SERVICES, APPELLEES.

Filed January 2, 2018.    No. A-16-967.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Reversed and remanded for further proceedings.

Jerrold A. McLeod, pro se.

Douglas J. Peterson, Attorney General, and James D. Smith for appellees.

Tina M. Marroquin, Seward County Public Defender, for amicus curiae Nebraska Criminal Defense Attorneys Association.

MOORE, Chief Judge, and INBODY and BISHOP, Judges.

BISHOP, Judge.

Jerrold A. McLeod appeals from the Lancaster County District Court's order dismissing with prejudice his complaint for a declaratory judgment. McLeod sought to have his good time recalculated based on the law in effect at the time he was resentenced rather than the law in effect when he was originally convicted and sentenced as a juvenile offender. Based upon Nebraska Supreme Court cases released since the entry of the order at issue in this appeal, we reverse and remand for further proceedings.

- 1 -

BACKGROUND

McLeod, pro se, filed a "Complaint for Declaratory Judgement" on June 3, 2016, against Scott Frakes and Kyle Poppert in their official and individual capacities (court records indicate Poppert was not served). McLeod alleged he is imprisoned at Tecumseh State Correctional Institution. He stated he was initially sentenced in April 1999, but a change in sentencing for juveniles resulted in him being resentenced in April 2015 to a minimum term of 50 years and a maximum term of 75 years. McLeod asserted his good time was not properly calculated and he sought an order recalculating his good time credit "per LB 191." Frakes, in his individual capacity, filed a motion to dismiss, claiming McLeod failed to state a claim upon which relief could be granted.

A telephonic hearing on Frakes' motion to dismiss took place on September 2, 2016. Each party made arguments and the matter was taken under advisement.

The district court entered an order on September 7, 2016, noting the good time provisions McLeod claimed were due to him "under LB 191" are now "codified at Neb. Rev. Stat. § 83-1,107 (Reissue 2014) and became effective on March 16, 2011." The court concluded that good time is figured under the statutory scheme in existence at the time the offender's sentence becomes final. Quoting from *Duff v. Clarke*, 247 Neb. 345, 348, 526 N.W.2d 664, 667 (1995), the district court stated that "'[t]he good time law applicable at the time the offender starts serving his sentence controls good time computation, regardless of whether the offender incurs an additional sentence or whether the offender is resentenced.'" *Duff* further held that the "new good time law embodied in § 83-1,107 [is] inapplicable to those offenders who start serving their sentences before the effective date of the statute . . . even if the offenders are resentenced pursuant to the Convicted Sex Offender Act." 247 Neb. at 348, 526 N.W.2d at 667.

The district court also discussed *Jones v. Clarke*, 253 Neb. 161, 568 N.W.2d 897 (1997), which distinguished the resentencing issue in *Duff*. In *Jones*, when the defendant was originally sentenced in 1986, good time reduction was available, however, in 1992, the Legislature amended § 83-1,107 with a more liberal formula for the computation of good time. When the 1992 amendment became effective, the defendant was incarcerated, but as a result of a successful postconviction petition, his reinstated direct appeal was still pending before the Nebraska Supreme Court. Then, in 1994, the defendant asked the Nebraska Department of Correctional Services (NDCS) to compute his release date using the 1992 good time formula. The NDCS declined, and the defendant filed a declaratory judgment action for a determination of his rights under § 83-1,107. The district court entered judgment favoring the defendant because it concluded the defendant's sentences were not final until after the amendment to the statute. The Nebraska Supreme Court agreed, stating, "Like any other offender whose sentence was suspended pending direct appeal when the good time statute was amended, [the defendant] is entitled to the benefits of the statute in effect on the date when his appeal was decided and his convictions and sentences became final." *Jones v. Clarke*, 253 Neb. at 166, 568 N.W.2d at 900.

The district court in the present matter distinguished *Jones*, noting that McLeod did not allege that he filed a new direct appeal, but rather that he was merely resentenced due to a change in the law. The district court therefore held that "*Duff v. Clarke* controls and the good time law in effect at the time of [McLeod's] original sentencing applies and he is not entitled to the benefits

of the current good time provisions enacted by LB 191." The court determined McLeod's complaint failed to state a claim that is plausible on its face and granted Frakes' motion to dismiss with prejudice.

McLeod, still pro se, timely appealed the dismissal of his case. The Nebraska Criminal Defense Attorneys Association filed an amicus curiae brief in support of McLeod's position on appeal. Frakes' brief asks this court to judicially notice facts not subject to reasonable dispute, specifically, the documents attached to the amicus brief. Frakes does not dispute the accuracy of the following facts: (1) McLeod was originally sentenced in April 1999 to life in prison for murder in the first degree; (2) on April 16, 2015, McLeod was resentenced to 50 to 75 years' imprisonment, with credit for time served, upon the district court sustaining and granting McLeod's two motions (motion for postconviction relief and motion to correct unconstitutional, illegal, and void sentence); (3) McLeod was 16 years of age when he committed the crime, placing McLeod within the holding of the U.S. Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), so as to make McLeod's original mandatory life sentence unconstitutional and void so as to require resentencing. See brief for appellee at 5.

## ASSIGNMENTS OF ERROR

McLeod assigns the district court erred by failing to grant him declaratory relief, and erred by granting Frakes' motion to dismiss.

## STANDARD OF REVIEW

An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017). An appellate court independently reviews questions of law. See *id*.

## ANALYSIS

Two Nebraska Supreme Court cases relevant to resentencing of juvenile offenders and good time laws were decided after the district court's order was entered in this case on September 7, 2016. These cases clarified the good time law applicable to juvenile offenders whose original sentences became unconstitutional and void under later U.S. Supreme Court cases. *State v. Smith*, 295 Neb. 957, 892 N.W.2d 52 (2017) (defendant sentenced to 5 to 20 years' imprisonment for burglary, and concurrent sentence of life imprisonment for kidnapping), was released on March 3, 2017. A couple weeks later, on March 17, *State v. Nollen*, 296 Neb. 94, 892 N.W.2d 81 (2017) (defendant sentenced to mandatory life imprisonment for first degree murder), was released. The defendants in these cases were juveniles when they engaged in actions that culminated in the death of a young woman. After the juvenile defendants were convicted and sentenced, two key U.S. Supreme Court cases impacted juvenile sentencing. *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), held the Eighth Amendment prohibits the imposition of life imprisonment without parole for juvenile offenders who have not committed homicide. A couple years later, *Miller v. Alabama, supra*, held the Eighth Amendment prohibits mandatory life imprisonment without parole for juvenile offenders.

Accordingly, the defendant in *State v. Smith, supra*, filed an application for writ of habeas corpus. After an evidentiary hearing, a district court vacated the life sentence, and the defendant was subsequently resentenced. As in the present appeal, one issue in *Smith* was which good time law to apply--the law in effect upon resentencing or the law in effect at the time of the defendant's original conviction. Our Supreme Court concluded the law in effect upon resentencing was the correct law to be applied. It noted that "an action for habeas corpus constitutes a collateral attack on a judgment and only void judgments may be collaterally attacked," and therefore, "the order granting Smith's application for a writ of habeas corpus and vacating his original life sentence voided that original sentence." *State v. Smith*, 295 Neb. at 974, 892 N.W.2d at 63. Further, "A void sentence is no sentence." *Id.*

The defendant in *State v. Nollen*, *supra*, filed a motion for postconviction relief, which was granted, and the defendant's sentence was vacated and he was resentenced. Once again, there was disagreement as to whether the defendant's parole eligibility should be calculated according to the law in effect when he was originally convicted or according to the law in effect at the time of resentencing. The Nebraska Supreme Court, citing to *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016), pointed out that the U.S. Supreme Court has "held that a sentence imposed in violation of a substantive constitutional rule is not merely erroneous, but void." *State v. Nollen*, 296 Neb. at 116, 892 N.W.2d at 96. *Nollen* stated, "This was the case with [the defendant's] original sentence, which was imposed pursuant to a statute later found to be unconstitutional as applied to [the defendant]." *Id.* Noting that *Smith*, *supra*, was decided within the framework of a habeas corpus proceeding, our Supreme Court nevertheless held that "its principle applies to this postconviction action because [the defendant's] sentence is also unconstitutional and void." *Id.*

Further, in *Nollen*, the State argued *Duff v. Clarke*, 247 Neb. 345, 526 N.W.2d 664 (1995), controlled; however, our Supreme Court stated:

> The facts in *Duff* are clearly distinguishable from the facts presented here. Therein, the original sentence was not unconstitutional, nor was it void. Instead, the defendant merely elected to be resentenced pursuant to the Convicted Sex Offender Act. This election in 1992 did not change the finality of the sentence imposed in 1988. On the other hand, herein, Nollen's original sentence, imposed in 1983, is void and unconstitutional. As we explained in *Smith*, a void sentence is no sentence. Because Nollen's 1983 sentence is 'no sentence,' it cannot be said that his sentence became final in 1983. Instead, his sentence will become final on the date that this court enters its mandate concerning this appeal. As such, the current good time law applies to Nollen's sentence[.]

*State v. Nollen*, 296 Neb. at 117-18, 892 N.W.2d at 97.

The outcome of this appeal is controlled by the Nebraska Supreme Court's decisions discussed above, neither of which were available to the district court or the parties when the court entered its order on September 7, 2016. The issue of which good time law to apply was still in a state of uncertainty at that time. Even Frakes acknowledges in his brief on appeal that U.S. Supreme Court decisions "have created the problem for the [NDCS] of determining which good time statute applies for the juvenile-age offenders who have been resentenced in Nebraska after *Miller v. Alabama*[*, supra*]." Brief for appellee at 6. Frakes points out that the district court in this

case followed the precedent of *Duff v. Clarke, supra*, but noted that our Supreme Court subsequently decided *State v. Smith, supra*, discussed above. "The continued vitality of *Duff v. Clarke*, if any, as well as the *Smith* 'void' vs. the *Duff* 'resentencing' distinction, appears to be a question that could be clarified for purposes of permitting the Department to properly apply the correct good time statute for the numerous inmates, such as McLeod, who have been or will be resentenced after *Miller v. Alabama*." Brief for appellee at 7. After Frakes submitted his brief on appeal which proposed this question, *State v. Nollen, supra*, was decided, and appears to have resolved that uncertainty.

Applying *State v. Smith*, *supra*, and *State v. Nollen, supra*, we conclude McLeod's original sentence was unconstitutional and void. Therefore, when he was resentenced in 2015, the good time law in effect at that time should be applied to his sentence.

## CONCLUSION

The district court's order dismissing McLeod's complaint is reversed, and the matter is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.